ELIZABETH JONES *vs.* JOHN JONES, JR.

Where a certificate, signed by a person holding the office of justice of the peace and also of judge of a municipal court, shows that a marriage was solemnized by him, and that he held both of those offices at the time, but does not state in which capacity he acted, the law will regard him as acting in the capacity in which he lawfully might perform the duty.

The *st.* of 1838, *c.* 310, giving to one *Justice of the Supreme Judicial Court* jurisdiction in cases of divorce, also gives to one Justice jurisdiction in questions of alimony.

Under that statute, there is no appeal upon a question of fact. His decision is as conclusive as the finding of a jury, and is no more open for a revision by the law Court.

In questions of divorce, a written motion to dismiss the libel for causes stated, may be equivalent to pleading the same matter in abatement.

The *wife*, although under the age of twenty-one, may in her own name, without acting by guardian or next friend, file her libel for a divorce, and obtain relief.

General words in a statute are to receive a general construction, unless there be something in it to restrain them.

THIS was a libel for a divorce from bed and board, for the alleged cruelty of the husband. The libellee pleaded not guilty, and the issue was referred to the determination of the Court. To prove the marriage, the libellant introduced the following certificate. " I certify, that I married *John Jones* of *Hallowell* to *Elizabeth*

Jones *v.* Jones.

*Lyon, Dec.* 17, 1837; that I was then a justice of the peace for the county of *Kennebec,* duly qualified, and also judge of the municipal court of the town of *Hallowell. Oct.* 23, 1839. *S. K. Gilman."* Mr. *Gilman's* commission as justice of the peace, was dated *Jan.* 26, 1832, and as municipal judge, *Feb.* 19, 1835, and he was duly qualified upon both. One of the questions raised at the trial before WESTON C. J. was, whether legal proof of the marriage was adduced. Judge *Gilman* was, at the time of the marriage and since, an inhabitant of *Hallowell.* It appeared, that at the time of the filing of the libel and at the time of the trial, the libellant was under twenty-one years of age, and because she had not appeared by *prochein ami,* or by guardian, the counsel for the libellee submitted a motion in writing, that the libel should be quashed or dismissed. Much testimony was introduced by the respective parties to prove and to disprove the allegation of cruelty of the husband, as alleged in the libel; but as it is not material, on the view taken by the Court, to the elucidation of any question of law, it is omitted.

The counsel for the libellee insisted, that the libel was not sustained by the testimony, but it appeared to the Chief Justice that it was, on the ground of cruelty. It was insisted by the counsel for the libellee, that the violence proved, did not amount to the cruelty, which would be legal cause for a divorce, especially if intended as a correction of the wife for her faults, although by accident and without deliberate design, it exceeded what could thus be justified; that the violence was provoked by the wife, and therefore no cause of divorce; that the marriage was void, because the magistrate had no power to solemnize the same within the town of *Hallowell;* that it was not prosecuted by *prochein ami,* or guardian, and that one judge had no jurisdiction of the question of alimony. A divorce was decreed, when the counsel for the libellee filed exceptions, and the whole matter was submitted to the determination of the Court, upon the legal points taken.

*Clark,* for the respondent, argued in support of the points made at the trial, and cited *st.* 1835, *c.* 146, establishing the municipal court in *Hallowell; Willard* v. *Willard,* 4 *Mass. R.* 506; *Winslow* v. *Winslow,* 7 *Mass. R.* 96; *Broadstreet* v. *Broadstreet,*

*ib.* 474; *Baker* v. *Lovett*, 6 *Mass. R.* 78; *Miles* v. *Boyden*, 3 *Pick.* 219; *Commonwealth* v. *Moore, ib.* 194; *Dewey, Pet'r*, 11 *Pick.* 268; *Maxwell* v. *Hardy*, 8 *Pick.* 562; *French* v. *French*, 4 *Mass. R.* 587; *Slater* v. *Nason*, 15 *Pick.* 347; *Hill* v. *Hill*, 2 *Mass. R.* 150; *Hannen* v. *Edes*, 15 *Mass. R.* 347.

He also contended, that the merits of the case in matter of fact, whether the averments in the libel had been proved, were open to revision; and that the evidence was not sufficient to authorize a decree in favor of the libellant.

*Whittemore*, for the libellant, contended, that as the certificate of marriage was certified both as justice of the peace and as municipal judge, if the magistrate was authorized to marry in either capacity, the marriage was good. He had commissions in force in both, and seems to have the proper authority in both; but must have in one or the other.

This process partakes more of a criminal than a civil one, and the rules of special pleading do not apply. *Barber* v. *Root*, 10 *Mass. R.* 265. The statute on which it is founded, *stat.* 1821, *c.* 71, requires, that the libel shall be by the party seeking the divorce. A guardian, or *prochein ami*, has no right to interfere in such cases. It is no part of his duty. *Willard* v. *Willard*, 4 *Mass. R.* 506; *Winslow* v. *Winslow*, 7 *Mass. R.* 96.

As to granting alimony, it is enough that the *Judge did not* undertake to grant it in this case. But it is implied in the power of granting a divorce, and is attendant upon it. The statute giving the power to grant divorces to a court holden by one Judge, of necessity, gives all the necessary authority in relation to the subject to give effect to the provision.

Personal violence is a sufficient cause for a divorce, and that was abundantly proved. *Warren* v. *Warren*, 3 *Mass. R.* 321.

The opinion of the Court was drawn up by

SHEPLEY J. — Several objections were taken to the proceedings in this case. The first is, that the parties were not legally married. The act establishing a municipal court in the town of *Hallowell, stat.* 1835, *c.* 146, provides, that the Judge shall have exclusive and original jurisdiction within that town over all such matters and things as justices of the peace for that county may by law

take cognizance of and exercise jurisdiction over. *Mr. Gilman,* who married these parties, held that office, and also that of justice of the peace for the county, and was duly qualified. He might lawfully marry them as a justice of the peace, unless he was deprived of that power in consequence of his exclusive jurisdiction as a a judge. He does not state in what capacity he acted in performing the service, but the law will regard him as acting in the capacity in which he lawfully might perform the duty. It may well be doubted, whether the terms cognizance and jurisdiction do not refer to such matters only as are of a judicial character, leaving other duties to be performed by justices of the peace. But whatever construction the act may receive the marriage will be legal.

Another objection is that one judge has not jurisdiction to decide upon a question of alimony. The act regulating divorces, *st.* 1821, *c.* 71, speaks of questions of divorce and alimony, while that giving the jurisdiction to one judge, *st.* 1838, *c.* 310, speaks only of questions of divorce. That alimony in our law is regarded as an incident to divorce is apparent from the provision of the *st. c.* 71, $ 5, which creates a lien on the estate of the husband for the performance of any order, which the court may make in a suit for divorce. A division of the jurisdiction would be a virtual repeal of that provision. The legislature could not have intended to give jurisdiction over the principal question to one judge, and require the cooperation of a majority in the minor one of alimony, at the same time depriving the party of the intended security to enforce a decree in his favor.

The act giving this jurisdiction provides, that any person aggrieved at the opinion of said justice upon a question of law may file his exceptions to the same. The language of the act and the design of the legislature in passing it clearly indicate the intention, that there should be no appeal from a decision of the Judge upon a question of fact. His decision is as conclusive as the finding of a jury, and is no more open for revision by the court of law.

Another objection has reference to the capacity of the infant wife to maintain this process. Before the *stat.* 21 *Jac.* 1, *c.* 13, if an infant plaintiff or defendant appeared by attorney and not by guardian or next friend, it was error. That statute cured the defect on the part of the plaintiff after verdict; and it became neces-

sary to plead infancy in abatement.  2 *Saund.* 212, *and notes;* *Schermerhorn* v. *Jenkins,* 7 *Johns. R.* 373 ; *Dewey, Pet.* 11 *Pick.* 268.

In this case the counsel for the libellee submitted a written motion·that the libel should be quashed or dismissed because it was not prosecuted by guardian or next friend.  Considering the nature of the process this may be regarded as equivalent to a plea in abatement.  And in the case of *Wood* v. *Wood,* 2 *Paige,* 108, it was decided, that an infant should so prosecute or defend in a suit for divorce.  That decision however appears to have been founded upon the provisions of the statute and upon the rules of practice established there.  *Wood* v. *Wood, idem* 454.  An infant may at common law bind himself and others in many cases. He has ability and may lawfully bind himself by an act for his own benefit.  *Gouch* v. *Parsons,* 3 *Burr.* 1801.  And of this description the law regards the marriage contract.  Before the *statute of* 38, *Geo.* 3, *c.* 87, an infant at the age of seventeen might be an executor and receive moneys and give acquittances. A female infant can lawfully contract marriage, and in doing it can bar herself of dower, and dispose of her personal estate.  *Earl of Buckinghamshire* v. *Drury,* 3 *Bro. P. C.* 570 ; *Harvey* v. *Ashley,* 3 *Atk.* 613.  So she may maintain a suit on a promise of marriage.  *Holt.* v. *Ward, Fitzgibbon,* 175; *idem,* 275; *Holt* v. *Ward, Stra.* 937.  Whether an infant executor could sue without a guardian or next·friend occasioned a difference of opinion.  The right to do so was admitted in *Rutland* v. *Rutland, Cro. Eliz.* 378; *Bade* v. *Starkey, id.* 541 ; *Coan* v. *Bowles,* 1 *Show.* 165 ; *Foxwist* v. *Tremaine,* 2 *Saund.* 212.  And denied in *Cotton* v. *Wescot, Cro. Jac.* 441 ; *Keniston* v. *Friskobaldi, Fitzgibbon,* 1.  There would seem to be an inconsistency in allowing the acts of an infant executor to be legal, and at the same time subjecting him to the control of a guardian, or next friend while in the act of performance.  If the law permits a female infant to enter into the marriage contract, does not the larger include the less power, and enable her to do any act, which may be necessary to its perfection, or may arise incidentally out of it ?  And is it not upon this principle, that she is allowed to bar herself of dower and dispose of her property by such a contract ?  Will the law enable her to as-

sume the duties and acquire the rights of support and protection which that contract gives, and refuse to her the power of enforcing those rights. Is the right to shield herself from the oppressive and cruel acts of the husband less incident to, or connected with the contract, than dower or the disposal of personal effects? But whatever may be the conclusion at common law, the language of the *statute c.* 71, § 5, regulating divorces of this description is general, enabling any wife, without exception as to age, to file her libel and obtain relief. And general words in a statute are to receive a general construction, unless there be something in it to restrain them. So inflexible was this rule considered, that the *Statute of Wills,* 32 *Hen.* 8, having authorized all and every person or persons to devise their lands, it was feared, that it might enable infants and insane persons to do it; and the *statute of* 34 *Hen.* 8, was passed to introduce these exceptions. *Beckford* v. *Wade,* 17 *Ves.* 88. The same principle was recognized in the decision, that the *Statute of Fines,* 4 *Hen.* 7, *c.* 24, bound infants. *Stowell* v. *Lord Zouch,* 1 *Plow.* 369. It is admitted to apply to statutes of limitation. *Demarest* v. *Wynkoop,* 3 *John. Ch. R.* 129. The statute regulating divorces should accordingly receive such construction as would enable any wife without regard to age to institute such a process. And the reasons, which would lead the mind to clothe her with that power by the common law, may justly be brought in aid of such a construction.

> *Decree confirmed as to divorce, and as to alimony*
> *it is reserved for further hearing.*