JOHN B. TURNER,
R. H. LOOFBOURROW,
STILLWELL H. RUSSELL, } JUSTICES.
FINIS E. RIDDLE,

## WILEY v. EDMONDSON.

No. 4306.   Opinion Filed May 20, 1913.

Rehearing Denied December 31, 1913.

Released for Publication May 26, 1914.

(133 Pac. 38.)

1.   JUDGMENT—Res Judicata.   A judgment rendered by a court
having jurisdiction of the subject-matter and the parties is a
bar to any future suit between the same parties, or their
privies, upon the same cause of action, so long as it remains
unreversed, and not in any way vacated or annulled.

2.    **JURY** — Right to Jury Trial—Waiver—Action by Minor. A
      minor, through her legal guardian, having commenced an action,
      and issues having been framed, the attorney of record for
      such minor may waive a trial by jury and consent for the
      issues of fact to be tried by the court.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Genevieve Wiley, a minor, etc., against Maggie E. Edmondson. Judgment for defendant, and plaintiff brings error. Affirmed.

*Kenneth S. Murchison* and *Edward C. Griesel,* for plaintiff in error.

*James L. Allen,* for defendant in error.

WILLIAMS, J. This proceeding in error is to review the judgment of the trial court, wherein the plaintiff in error, as plaintiff, sued on July 14, 1911, the defendant in error, as defendant, in ejectment for the possession of the W. ½ of the N. E. ¼ of section 9, township 14 N., and range 18 E., of the Indian Base and Meridian. The defendant in due time answered (1) by general denial and (2) by pleading specially that on June 18, 1910, in said court, a court of competent jurisdiction, in an action between Genevieve Wiley and Maggie Edmondson and others, said case being numbered 340, said Maggie E. Edmondson recovered a judgment against plaintiff; that said last-mentioned case was for the identical cause of action, said suit being a suit in ejectment and said property being the property set out in the plaintiff's petition, to wit, the W. ½ of the N. E. ¼ of section 9, township 14 N., and range 18 E., and situated in Muskogee county, Okla., and said parties being the identical parties in this suit at issue; that said court in said cause decreed that the said Walter Wiley together with Hattie G. Wiley, his wife, made, executed, and delivered to the defendant, Maggie E. Edmondson, their warranty deed, thereby conveying to the said Maggie E. Edmondson all their right, title, and interest in and to said above-de-

scribed land, said deed being filed for record on the 16th day of August, 1907, in volume 96, p. 577, in the office of the register of deeds of Muskogee county, Okla., and that said deed was and is a good and valid conveyance, and conveyed all the right, title, and interest of the said Walter Wiley and Hattie G. Wiley, his wife, to the said described land to Maggie E. Edmondson; that Genevieve Wiley was the only heir of the said Walter Wiley; and further decreed that the title to other property, but not the property described above, was vested in said Genevieve Wiley.

The court further decreed that said suit numbered 340 was one for the title and possession of the said above-described property, and that Maggie E. Edmondson was and is the owner in fee simple of said property, and that her title and possession to said property was quieted as against the said plaintiff, Genevieve Wiley, and certain defendants, and they and each of them were forever enjoined from setting up any claim to said premises, or any part thereof, adverse to the title and possession of the said Maggie E. Edmondson. The court further decreed that the said finding and order of said court in said judgment in case No. 340 is final, for the reason that no appeal has been taken therefrom within the period of time by the statute in such cases made and provided, and said judgment is a bar to any recovery on the part of said Genevieve Wiley in this case now pending before the court.

The plaintiff replied to such special pleadings as follows:

"The plaintiff herein, replying to the second defense set forth in the answer of the defendant filed in this cause, states:

"First. That this plaintiff is a minor of the age of three (3) years; is a half-blood Creek Indian; is the daughter of Walter Wiley and Hattie G. Wiley, her legal guardian, and resides in the city of Muskogee with the said Hattie G. Wiley, her mother.

"Second. That Walter Wiley was a full-blood Indian, enrolled as such by the Commission to the Five Civilized Tribes opposite No. 904 on the final rolls of the Creek Indians; that he received as a part of his allotment as such full-blood Creek Indian the W. ½ of the N. E. ¼ of section nine (9), township fourteen (14) N., range eighteen (18) E., of the Indian

Base and Meridian, containing 80 acres, more or less, on condition that said land should be and remain inalienable for the period of five (5) years from the 8th day of August, 1902, which period of restriction against alienation was by an act of Congress of April 26, 1906, and before the expiration of said period of five years, extended for the period of 25 years from the date of said act; that on the 8th day of August, 1907, said Walter Wiley had no capacity under [sic] applicable to his lands to make a valid deed, the same being prohibited by express statute of the United States, and the deed set up by defendant as having been made on the 8th day of August, 1907, was absolutely void and incapable of ratification under the statutes of the United States relating to said lands then existing.

"Third. That the judgment set up by the defendant in her said second defense is void as against plaintiff, for the reason that this court in the said cause No. 340, acquired no jurisdiction to render a judgment that would estop this plaintiff from asserting her title by virtue of her inheritance from her father to the lands in question, for the reason that said plaintiff was and is a minor, and the waiver of the trial of any cause in which she was interested by jury, was unlawful, and a denial of a right of said minor under the Constitution and statutes of this state, and of the United States, and that said suit was instituted without the consent or approval of said plaintiff, and without the authority or consent of the probate court having jurisdiction of her person and estate, and because neither in the pleadings nor in the judgment of this court was it suggested to the court that the deed in litigation and under consideration was the deed of a full-blood Creek Indian, and that question therefore was not adjudicated in that proceeding.

"Wherefore, the plaintiff prays judgment against the defendant's said second defense notwithstanding."

Defendant filed a demurrer to said reply on the ground that it does not state facts sufficient to constitute a defense, which demurrer was sustained. Plaintiff elected to stand on its reply, and judgment was entered in favor of said defendant.

1. A judgment rendered by a court having jurisdiction of the subject-matter and the parties on the merits is a bar to any future suit between the same parties or their privies upon the same cause of action in the same or another court

so long as it remains unreversed and not in any way vacated or annulled. *Cowan v. Maxwell,* 27 Okla. 87, 111 Pac. 388; *Pratt v. Ratliff,* 10 Okla. 168, 61 Pac. 523; *Thurston v. Washington et al.,* 18 Okla. 362, 90 Pac. 16; *Farmers' State Bank v. Stephenson et al.,* 23 Okla. 695, 102 Pac. 992; *Pettis et ux. v. McLain et al.,* 21 Okla. 521, 98 Pac. 927; *El Reno v. Cleveland-Trinidad Paving Co.,* 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650; *Woodworth v. Hennessey,* 32 Okla. 267, 122 Pac. 224. *In Goodrum et al. v. Buffalo,* 162 Fed. 817, 89 C. C. A. 525, paragraph 3 of the syllabus is as follows:

"Notwithstanding the general rule that a judgment between the parties *sui juris,* where the court has jurisdiction over the subject-matter and the parties, is conclusive of every question of fact and law in contestation, and cannot be attacked in a collateral proceeding, a judgment rendered by the United States Court in the Indian Territory, under a stipulation between a Quapaw Indian and a white man, submitting under the provisions of local law for decision the question of the power of such Indian allottee, or his heir, to convey his or her allotment within the 25-year period of limitation under Act Cong. March 2, 1895, c. 188, 28 St. at L. 907, adjudging the validity of such conveyance, held to be invalid, when interposed to defeat the action of ejectment by the Indian heir against the prevailing party in such proceeding, for the following reasons: (1) Because the stipulation of submission, in the affidavit thereto, omitted a material fact, which is jurisdictional in character; (2) because the stipulation and the judgment do not describe the land in suit; (3) because, as to the power of alienation of such land, the Indian allottee and his or her heir, within the limitation period of 25 years, was not a person *sui juris,* capable of assenting to such submission; and (4) because the United States Court in the Indian Territory, being itself a creature of Congress, with limited jurisdiction, was not invested with jurisdiction to extend by mere decretal order a power of alienation over such lands denied by another act of congress to such Indian."

In the opinion it is said:

"Aside from these criticisms, the proceeding was not effectual to create an estoppel by judgment, notwithstanding the well-recognized rule contended for by counsel for plaintiffs in error that judgments of courts of record having jurisdiction

over the subject-matter and the parties are binding on the parties and their privies in estate, and can not be attacked in a collateral proceeding. The Indian who consented to the stipulation for submission to the judgment of the court for such purpose was not a person *sui juris*. The submission required, as the very basis of its recognition, the acquiescence and consent of the Indian thereto. The effect of the act of Congress, under which the patent was granted, was to deny to the Indian the exercise of any consent whereby the restriction upon the power of alienation could be removed. If the Indian could create no estoppel against himself or herself by deed of conveyance, how could he or she create an estoppel, by consenting to a judgment as the basis of an estoppel, effectual to alienate the land, in direct contravention of the act of Congress? The allottees of these lands during the probationary period of 25 years were under as much disability to alienate them by contract, or deed, or voluntary submission to a court, as if they had been under the disability of coverture or minority. The disability of the minor to do these things is imposed by the common law. The disability of these Indians is imposed by statute. It must, therefore, logically and necessarily follow that the record and judgment of a court, disclosing on their face that the disqualified Indian was entering into an agreement for submission of the question of his right to dispose of these lands, was in no wise different from such a proceeding participated in by a minor infant. It is a wholesome rule of law that a party may not accomplish by indirection that which he could not do directly. That which Goodrum undertook to do by stipulation with this Indian could not become the subject of a controversy to be submitted to the jurisdiction of the United States court, so as to build a foundation to support the plea of *res adjudicata.*"

The judgments considered in *Goodrum et al. v. Buffalo, supra,* were entered in the United States Court for the Northern District of the Indian Territory at Wagoner on May 24, 1899, and at Vinita on October 2, 1899. The members of the Quapaw Tribe of Indians that were parties to that judgment were not then citizens of the United States. The parties to the judgment under consideration in the case at bar were members of the Creek Tribe of Indians, and became citizens of the United States by Act Cong. March 3, 1901, c. 31, U. S. Stat.

1447. *Godfrey v. Iowa Land & Trust Co.*, 21 Okla. 293, 95 Pac. 792; *Heckman et al. v. United States,* 224 U. S. 410, 413, 32 Sup. Ct. 424, 56 L. Ed. 820.

In the case at bar all parties thereto were *sui generis,* the plaintiff in error, Genevieve Wiley, a minor, prosecuting her action by her legal guardian as the laws of the state provided. Rev. Laws 1910, sec. 4686. The judgment assailed here was rendered upon the pleadings and issues made after all the parties had been brought in by due process. The district court had jurisdiction not only of the person, but also of the subject-matter, and had the power to determine the validity of the deed or whether the restrictions were off of the land in controversy. Its action was reviewable, not only by this court, but also by the Supreme Court of the United States by proceeding in error or writ of error. No such remedy was invoked. For it to be contended that in this jurisdiction by any means other than by an appeal or proceeding in error said judgment could be reviewed is utterly without foundation. The United States government is not a party to this proceeding. Its right to bring an action to clear the title to this land notwithstanding the judgment complained of is not here involved. *Bowling et al. v. United States,* 191 Fed. 19, 111 C. C. A. 561; *Heckman et al. v. United States, supra.*

2. Another contention raised as to why the judgment is void is that the plaintiff, a minor, through her guardian or attorney, waived a trial by jury and consented for the issues of fact to be tried by the court. In 1 Daniel's Chancery Pleading & Practice (6th Am. Ed.) p. 164, it is said:

"It has been said that the infants are as much bound by the conduct of their solicitors as adults; thus an issue *devisavit vel non* may, it seems, be waived on the part of the infant. And so, although the court does not usually, where infants are concerned, make a decree by consent, without an inquiry whether it is for their benefit, yet when once a decree has been pronounced without that previous step it is considered as of the same authority as if such an inquiry had been directed, and a certificate thereupon made that it would be for their benefit:

and in the same manner an order for maintenance, though usually made after an inquiry, if made without, would be equally binding."

In *Walsh v. Walsh et al.*, 116 Mass. 377, 17 Am. Rep. 162, it is said:

"An infant is ordinarily bound by acts done in good faith by his solicitor or counsel in the course of the suit, to the same extent as a person of full age.  *  *  *"

See, also, *Levy v. Levy*, 3 Madd. 245; *Tillotson v. Hargrave*, 3 Madd. 494; *Lippiat v. Holley*, 1 Beav. 423; *Brooke v. Mostyn*, 33 Beav. 457; *Thompson v. Maxwell Grant & Railway Co.*, 168 U. S. 451, 18 Sup. Ct. 121, 42 L. Ed. 539. In *Kingsbury v. Buckner*, 134 U. S. 650, 10 Sup. Ct. 638, 33 L. Ed. 1047, both parties appealed, one being an infant suing by next friend. Under the statute an appeal bond was a prerequisite, unless waived. Both waived the bond. The appeal was cognizable in the Northern Division of the state, but by agreement to facilitate the appealing of the case it was transferred to the Central Division. In the opinion it is said:

"It is undoubtedly the rule in Illinois, as elsewhere, that a next friend or guardian *ad litem* cannot, by admissions or stipulations, surrender the rights of the infant. The court, whose duty it is to protect the interests of the infant, should see to it that they are not bargained away by those assuming, or appointed, to represent him. But this rule does not prevent a guardian *ad litem* or *prochein ami* from assenting to such arrangements as will facilitate the determination of the case in which the rights of the infant are involved."

The right to waive the appeal bond and to agree to the transfer of the cause to another division was also sustained. We think it is clear that the attorney appearing for the minor, who sued by her guardian, is authorized to waive the right to a jury trial. *Farmers' Nat. Bank of Tecumseh v. McCall*, 25 Okla. 600, 106 Pac. 866, 26 L. R. A. (N. S.) 217; and section 205, Williams' Ann. Const. Okla.

The judgment of the lower court is affirmed.

All the Justices concur.