## PARKS et al. v. HAYNES et al.

No. 5110. Opinion Filed October 12, 1915.

Rehearing Denied November 2, 1915.

(152 Pac. 400.)

1. **JUDGMENT—Vacation or Modification—Power of Court.** It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may then be set aside, vacated, or modified by the court.

2. **SAME—Continuance of Motion.** A motion invoking the inherent equitable power of the superior court to vacate one of its own judgments was filed during the term at which such judgment was rendered, but was not ruled upon until the succeeding term, when it was sustained, and the judgment set aside. **Held,** that the discretionary power of the court was not lost by the continuance of the motion to the next term, and when sustained at that term the action of the court in the premises was the same, in legal effect, as if the ruling had been made at the term at which the motion was filed.

3. **JUDGMENT—Res Judicata—Questions Concluded.** A judgment of a court of competent jurisdiction in a former action in which they were codefendants is conclusive on the parties to a pending suit only upon questions, titles, and rights litigated and determined, or which might properly have been adjudicated in such former action.

(Syllabus by Bleakmore, C.)

*Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.*

Action by Laura Parks and others against Wiley Haynes and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*De Roos Bailey, J. E. Wyand,* and *Chas. A. Moon,* for plaintiffs in error.

*Blakeney & Maxey,* for defendants in error.

Opinion by BLEAKMORE, C. This is an action commenced in the superior court of Muskogee county on the 19th day of September, 1911, by the plaintiffs in error, as plaintiffs, against the defendants in error, as defendants. The parties will be referred to as they appeared in the trial court.

By the petition it is alleged that the plaintiffs are the owners of the legal and equitable estate and are entitled to the possession of certain real property; that defendants claim some right and title thereto and were and had been unlawfully in the possession of the premises, withholding same from the plaintiffs. There was prayer for possession and to quiet title. Defendants answered by general denial, asserted title in themselves, and prayed that the title be quieted in them. On March 16, 1912, the case was regularly called for trial. Defendants failed to appear in person, and their attorney was permitted to withdraw from the case, and the court, upon a hearing, rendered judgment for the plaintiffs. Thereafter, at the same term, defendants filed the following motion to vacate said judgment:

"Come now the above-named defendants, and move the court to set aside the judgment rendered in said action on the 16th day of March, 1912, for unavoidable casualty and misfortune, preventing the defendants from defending in said action, as fully shown by the affidavits attached hereto and made a part of this motion."

In the affidavits accompanying said motion defendants set forth:

"That they have an absolute defense to the claim of the plaintiffs in said action; that they are the owners and in possession of the tract of land described in the petition, and have been in such possession for the last eight years, having purchased the same from one Easter Jackson and having taken possession of the same in the year of 1904, and paid $55 to the said Easter Jackson for the said premises, but immediately after taking possession defendants erected and built a house upon the said premises of the value of $450, and have continued to reside in the said house publicly and openly since said construction, and that said plaintiffs in said action trace their title to the said Easter Jackson, and acquired their interest with the full knowledge of the rights of these defendants, and that the answer filed herein correctly states affiants' defense, and the said property in controversy is worth the sum of $3,500"

—and, further, that they are old negroes without experience in such matters, who employed and relied upon their lawyer to present their defense and advise them of the time when the case was set for trial; that he endeavored to notify them, but failed, and thereupon withdrew from the cause without their knowledge. The motion to vacate the judgment came on to be heard at a later day in the same term, and by agreement of the parties was continued. At the November term thereafter said motion was heard, the parties appeared, and entered into an agreed statement of facts containing the following:

"It is agreed that plaintiffs deraign their title to the premises as follows, to wit: That said property is a part of the easterly half of block 265 in the city of Muskogee, Muskogee county, Okla., according to the official plat thereof, and that the said easterly half of said block No.

3—52

265 was at the time of the schedule of said property and
the plat made thereof by the United States government in
the possession of one Easter Jackson,. claiming to be the
owner thereof, and claiming the right to have the same
scheduled to her as the owner of said property under her
rights as occupying claimant, and the owner of the im-
provements thereon, in accordance with the laws in force
in the Indian Territory at that time; that the city of
Muskogee claimed the right to have said easterly half of
said block No. 265 scheduled to it for park purposes, and
that the townsite commission scheduled said property to
the city of Muskogee for park purposes, and that patent
therefor was duly issued upon the 28th day of March,
1903, and delivered to the city of Muskogee; that there-
after the said city of Muskogee, as plaintiff, filed in the
United States Court for the Western District in the In-
dian Territory an action in ejectment against the said
Easter Jackson, Tom Jackson, Wiley Haynes, and John
Moore, as defendants, and that said cause was duly tried,
and final judgment rendered therein in favor of said
Easter Jackson and against the said city of Muskogee to
all of said property; that the said Easter Jackson and her
husband, Tom Jackson, executed and delivered their gen-
eral warranty deed to Peter L. Burlingame and Frank P.
Mayes, on the 28th day of October, 1905, a certified copy
of which deed is hereto attached and made a part hereof,
marked Exhibit A, and that thereafter, to wit, on the
24th day of February, 1906, the said Frank P. Mayes and
his wife executed and delivered warranty deed conveying
their undivided interest in said property to Henry Hatcher
of Dallas, Tex., a certified copy of which deed is hereto
attached and made a part hereof, marked Exhibit B; that
thereafter, to wit, on the 25th day of May, 1909, the said
Henry Hatcher executed and delivered his warranty deed
conveying an undivided one-half part of his undivided in-
terest in said land to O. F. Parks, a certified copy of said
deed being hereto attached, made a part hereof, and
marked Exhibit C.

"It is further agreed that said Easter Jackson filed an action in the superior court of Muskogee county, Okla., No. 311, for a partition of said easterly half of block No. 265, and that a decree of partition was entered therein on the ———— day of ————, 1910, setting aside to the said O. F. Parks in fee simple the lot in controversy in this cause, and quieting title thereto against Easter Jackson, Peter L. Burlingame, Henry Hatcher, and against all persons whomsoever claiming by, through, or under them, or either of them. It is further agreed that thereafter, to wit, another suit was filed in said superior court of Muskogee county, Okla., by one J. L. Hayner against H. C. Pouder *et al.*, No. 688, to quiet title to the easterly half of said block No. 265, and that the said city of Muskogee was a party defendant to said cause, and that title to the lot in controversy in this action was therein quieted in the said O. F. Parks, and that the said O. F. Parks was decreed to be the owner in fee simple of the lot in controversy in this action. * * *

"It is agreed that upon a hearing of the motion filed herein to vacate and set aside the judgment heretofore rendered in this cause the evidence taken upon said motion may be broad and full enough in order for the court to determine the question as to whether or not said judgment so rendered shall be vacated and set aside, and the defendants permitted to appear and defend, and sufficient to enable the court to render a judgment herein on the merits to plaintiffs' cause of action in case the court may hold that said defendants are entitled to have said judgment vacated and set aside, and they be permitted to defend, and the court upon such evidence may enter final judgment."

Upon the hearing the court vacated the judgment of March 16th, and made special findings of fact and conclusions of law, and rendered judgment for defendants, quieting title in them. There are many assignments of error, all of which it is deemed not necessary to discuss.

Plaintiffs submit that the power of the court to vacate the judgment was conferred and its exercise controlled by sections 4760-4762, 4493, and 4495, Wilson's Stat. 1903, under the provisions of which they contend such judgment could be vacated only in a proceeding setting forth same by verified petition upon which summons was issued and served upon the plaintiff, or by motion for new trial filed within three days after the rendition of such judgment. The proceeding complained of involves the inherent power of the trial court over its judgment rendered during the same term at which the motion to vacate was filed, and, upon continuance, the disposal of such motion at a subsequent term. The questions presented have been determined by this court adversely to the contention of plaintiffs.

In *Philip Carey Co. v. Vickers,* 38 Okla. 643, 134 Pac. 851, it was held in the syllabus:

"It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and may then be set aside, vacated, or modified by the court."

"A motion invoking the inherent equitable power of the superior court to vacate one of its own judgments was filed during the term at which this judgment was rendered, but was not ruled upon until the succeeding term, when it was sustained, and the judgment set aside. *Held,* that the discretionary power of the court was not lost by the continuance of the motion to the next term, and, when sustained at that term, the action of the court in the premises was the same, in legal effect, as if the ruling had been made at the term at which the motion was filed."

In the opinion it was said by Mr. Chief Justice Kane, after quoting with approval numerous authorities:

"None of the grounds to vacate set out in the motion in the foregoing cases were based upon statutes, but they were, as in the case at bar, direct appeals to the exercise of the inherent equitable discretionary power of the trial court over its own judgments during the term at which they were rendered.  *  *  *

"Having reached the conclusion that the trial court has the inherent equitable power to vacate its own judgments during the term at which they were rendered for reasons other than those stated in the statute as grounds for a new trial, and that, if such power is properly invoked during said term, the court may act upon the motion at a subsequent term, it follows that, unless it clearly appears that the court below abused its discretion, its action in relation to the motion herein will not be disturbed on appeal. *Poff v. Lockridge,* 22 Okla. 462, 98 Pac. 427."

See, also, *Todd et al. v. Orr,* 44 Okla. 459, 145 Pac. 393.

It is apparent that defendants did not have their day in court in the proceeding in which the original judgment was rendered; and from an examination of the evidence it is not shown that the court below abused its discretion in sustaining the motion to vacate the same.

In their brief counsel for plaintiffs state:

"We admit there was some evidence sustaining the defendants' contention as to its purchase of a lot from Easter Jackson and his possession of the improvements. We contend, however, that this claim of title was adjudicated against them in the case of City of Muskogee v. Easter Jackson and the defendants in this action."

The pleadings and judgment in that case were introduced in evidence. From them it appeared that the city

of Muskogee, prior to statehood, brought an action of ejectment in the United States Court for the Western District of the Indian Territory against Easter Jackson, Tom Jackson, her husband, Wiley Haynes (defendant herein), and John Moore, as defendants, all of whom were duly served with summons; that Easter Jackson was the owner and in the lawful, exclusive, open, and notorious possession of the property described in the complaint as a home, and prayed that she be adjudged the owner thereof and her title thereto quieted. Wiley Haynes made default. There was judgment in favor of Easter Jackson, the pertinent parts of which are:

"It is therefore by the court considered, ordered, and decreed that the said defendant Easter Jackson does not, and did not at the time of the commencement of this action, unlawfully withhold the possession of, and is not and was not in the unlawful possession of the lands described as all that part of block 265 of the city of Muskogee, in said county, which lies eastward of the fence which runs northward and southward through said block numbered 265, and now and heretofore occupied by the said defendant Easter Jackson containing about four acres of land, more or less; that the defendant Easter Jackson does not and has not unlawfully occupied or detained from the plaintiff any part of the land sued for by plaintiff herein."

In the instant cause the court found:

"The court further finds that in the said action wherein the city of Muskogee was plaintiff the said Wiley Haynes did not file an answer, but made default, and that there was at said time no issues joined or made between Easter Jackson and the said Wiley Haynes, and none of the rights of the said parties were heard or determined, but that both of the said parties united in fighting the claim of the city on the answer of the said Easter Jack-

son, and no cross-complaint was filed by said Easter Jackson against the defendant Wiley Haynes."

It is clear from the evidence that, when said suit was brought in the United States court, and also when judgment was rendered therein in the state court, defendants herein were in the possession of that portion of the land there involved which is in controversy here, claiming equitable title thereto under contract with Easter Jackson; and, while their interest in said property was as distinct and separate then as now, their rights involved in that action were not antagonistic to, but dependent upon, hers. Under the pleadings in that case no question as to the right or title of these defendants to premises involved in the instant case, as between them and Easter Jackson, arose or was sought to be litigated; nor could the same have been properly determined upon the issues formed therein. It is not shown by extrinsic evidence that such question was considered; and the judgment itself repels any inference of an adjudication of the equitable title of the defendants here asserted. The trial court was correct in holding that defendants were not concluded by such judgment upon the question of their right and title to the premises involved in this action.

In *Keagy v. Wellington Nat. Bank,* 12 Okla. 33, 69 Pac. 811, it was held, in the syllabus:

"Where two persons are sued as codefendants and answer separately, and not by way of cross-petition, or make default, the judgment of the court adjudicating the rights of the plaintiff as against such defendants will not be *res judicata* as to any of the merely relative rights as between the defendants themselves."

From an examination of the record we are of opinion that there is presented no error prejudicial to the rights

of plaintiffs requiring a reversal of the judgment, but upon the whole that substantial justice has been done thereby, and the judgment should be affirmed.

By the Court: It is so ordered.