## HAVEN v. TRAMMELL et al.

No. 9855—Opinion Filed Nov. 16, 1920.

(Syllabus by the Court.)

**1. Judgment—Res Judicata—Injunction.**

The plaintiff obtained a temporary injunction enjoining and restraining a sheriff from selling land under an execution, which said temporary injunction was dissolved, and the judgment dissolving the same not appealed from. Thereafter plaintiff obtained a second temporary injunction to restrain the sheriff from selling, under an alias execution, in the same case, the same land as to which the first temporary injunction was issued. Held, that said second temporary injunction was res judicata.

**2. Divorce—Alimony—Pleading—Judgment.**

Where a petition for divorce contains a prayer for general equitable relief, but does not specifically pray for alimony, alimony being a mere incident to divorce, may be properly awarded.

**3. Same—Lien Upon Homestead—Enforcement.**

Where, in a divorce, alimony in money is decreed, which is adjudged to be a lien upon all the real estate owned by the defendant in the state, the homestead of the defendant,

owned at the time such judgment is rendered, may be legally levied upon and sold for the payment of the said alimony.

Harrison, J., dissents from the second paragraph of the syllabus.

Error from District Court, Roger Mills County; T. P. Clay, Judge.

From order dissolving second temporary injunction restraining sale of land on execution, plaintiff, John Haven, brings error; defendants in error being R. L. Trammell, sheriff, and Ruby Harriman. Affirmed.

E. L. Mitchell, for plaintiff in error.

R. F. Baird, A. E. Pearson, S. Grimm, and W. M. Taylor, for defendants in error.

COLLIER, J. On July 11, 1912, Ruby Haven (now Ruby Harriman) filed her petition for decree of absolute divorce of and from John Haven, hereafter designated plaintiff, in which she prayed for an absolute divorce, attorney's fees, costs, and for general relief. Judgment by default, on personal service, was rendered for absolute divorce, $1,000 alimony, $100 attorney's fees, and for costs, which was "made a lien on all real estate owned by said plaintiff within this state", a transcript of which said judgment was filed in the office of the district court of Roger Mills county, and an alias execution directed to the sheriff of Roger Mills county was issued, in pursuance of which land belonging to said plaintiff was levied upon in Roger Mills county.

A temporary injunction was granted by the county judge, in the absence of the district judge from the county, restraining the sheriff from selling said lands, which temporary injunction was dissolved by the district court. Thereafter, a second temporary injunction, identical as to statements made and relief prayed, was granted, and dissolved, the court making the following findings of facts:

"The court finds, as a matter of fact, that there was a decree of the district court of Woodward county rendered as alleged in the petition, making the judgment and decree of that court a lien upon any and all real estate of the defendant. That the judgment has not been paid; that execution has been issued against the defendant and levied upon his real estate; that the sale thereof was stayed by a temporary injunction, which was dissolved by this court, as shown by the journal entry of judgment introduced in this cause; that thereafter another execution was issued on the same property and was again levied upon the land of the defendant in this cause; that the land upon which the execution is levied is the homestead of the defendant and his mother and two children which he is raising; that he has about six hundred dollars' worth of personal property—the value of the land has not been shown."

A timely motion for a new trial was made, which was overruled and exception saved, and the plaintiff gave notice in open court of his intention to appeal from the judgment of the trial court dissolving said second temporary injunction to the Supreme Court of Oklahoma, and perfected this appeal.

The plaintiff, in support of his contention "that the court committed reversible error in dissolving said second temporary injunction", urges, among other grounds which we deem unnecessary to recite, the following grounds:

"First, that the judgment as to alimony in this case is a void judgment for the reason that the petition in this case fails to specifically pray for alimony; second, that the land seized under an execution was, and is, the homestead of plaintiff, and is not subject to sale to satisfy any execution or judgment."

The record discloses that neither one of said temporary injunctions was obtained cotemporary with the action for divorce, but both are separate and independent collateral attacks upon the judgment and decree rendered in said action; that the order dissolving the first temporary injunction was not appealed from; that the parties, the subject-matter, and relief prayed are identical in each of said temporary injunctions, and therefore the judgment in dissolving the said first injunction is a complete bar to the case at issue, and it follows that the said second temporary injunction was res judicata, and the court did not err in dissolving said second temporary injunction.

In Baker v. Leavitt, 54 Okla. 70, 153 Pac. 1099, it is held:

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated or determined therein. City of El Reno et al. v. Cleveland-Trinidad Paving Co., 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650; Woodworth, County Clerk, v. Town of Hennessey, 32 Okla. 267, 122 Pac. 224; Markham v. Dugger, 34 Okla. 492, 126 Pac. 190; Gosnell v. Prince, 36 Okla. 445, 129 Pac. 27; Engle et al. v. Legg, 39 Okla. 475, 135 Pac. 1058; Pioneer Tel. & Tel. Co. v. State, 40 Okla. 417, 138 Pac. 1033; Wiley v. Edmondson, 43 Okla. 1, 133 Pac. 38; Alfrey v. Colbert et al., 44 Okla. 246, 144 Pac. 179; Brown v. Carter et al., 42 Okla. 565, 144 Pac. 170; Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162; Earl v. Earl et al., 48 Okla. 442, 149 Pac. 1179; Corrugated Culvert Co. v. Simpson Township, 51 Okla. 178, 151 Pac. 854; Parks v. Haynes, 52 Okla. 63, 152 Pac. 400.

While our holding that the subject-matter of this appeal is res judicata renders it unnecessary to pass upon any other alleged errors insisted upon by the plaintiff, we have thought proper to review the following other alleged errors assigned:

First. "That a district court has no jurisdiction to award alimony where the petition in a divorce case does not specifically pray for alimony."

Second. "That the homestead of a defendant in an action for divorce is not subject to legal levy and sale, for the satisfaction of an amount decreed as alimony."

Based upon the authorities hereinafter cited, we are of the opinion that each of the two alleged errors above set out is without merit.

R. C. L., vol. 1, 883, says:

"Obviously, irrespective of the nature of the proceeding wherein an award of alimony is sought, the better practice would suggest that a demand therefor, and the grounds pertinent thereto, should be fully alleged in the original pleadings. In divorce or separation suits, however, owing to the fact that a demand for alimony is not an essential part of the cause of action but is merely incidental thereto, it may be awarded in the absence of a specific request therefor in the original bill, and the jurisdiction of the court is not dependent on an averment therein of the husband's resources or ability to pay alimony. It is unnecessary for the original pleadings to anticipate a claim for alimony where grounds for a divorce or separation are sufficiently alleged." Lynde v. Lynde, 162 N. Y. 405, 56 N. E. 979, 76 A. S. R. 332 48 L. R. A. 679; Cohen v. Cohen, 150 Cal. 99, 88 Pac. 267, 11 Ann. Cas. 520; Gaston v. Gaston, 114 Cal. 542, 46 Pac. 609, 55 A. S. R. 86; Sprague v. Sprague, 73 Minn. 474, 76 N. W. 268, 72 A. S. R. 636, 42 L. R. A. 419.

Section 4969, Revised Laws 1910, in part, provides:

"When a divorce is granted the wife, she shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable."

It is thus clearly fixed by our law that alimony is a mere incident to divorce, and when a divorce is granted, alimony may be awarded without it being prayed for in the original pleadings.

In Corpus Juris, p. 283, sec. 650, it is said:

"While a prayer for alimony may be inserted in the original or cross-bill, and this has been held to be the usual or better practice, it is not imperative that it should be asked for in the original pleadings."

Bishop on Marriage and Divorce, vol. 2, p. 421, sec. 1067, says:

"By the English and better American practice, the proceeding for alimony is strictly ancillary. Neither the complaining wife's libel or petition, nor the husband's answer thereto, makes any mention of her alimony or his faculties."

In Zuver v. Zuver, 36 Iowa, 190, it is held:

"Under section 2537 of the Revision, providing that 'when a divorce is decreed the court may make such order in relation to the children and property of the parties and the maintenance of the wife as shall be right and proper', the court may award permanent alimony and the custody of the children even though no prayer or claim therefor is made in the pleadings."

In Zuver v. Zuver, supra, it is said:

"But in our opinion, a fair and practical construction of the section of the statute above quoted, authorizes the court to make just and proper order respecting both the permanent alimony and custody of the children, in a divorce proceeding, even though the pleadings may contain nothing in reference to them. They are, by statute, made incident to the divorce; and upon the making of the decree for a divorce full power is given over the questions of permanent alimony and custody of the children. No necessity for issues on the latter can arise until the decree. McEwen v. McEwen, 26 Iowa, 375, and cases cited."

Said section 2537, construed in Zuver v. Zuver, supra, is, in effect, the same as section 4969, Revised Laws of Oklahoma 1910.

In Prescott v. Prescott, 59 Me. 146, it is held:

"After a decree of divorce a vinculo on a libel in behalf of the wife, the court may, on a motion or petition, decree to her a specific sum instead of alimony, although such claim is not specifically set out in the libel."

In Prescott v. Prescott, supra, it is said:

"The claim for alimony can only arise after a decree of divorce. Alimony is, or may be, an incident to a decree. Jones v. Jones, 18 Me. 311. It is, necessarily, subsequent thereto. 'It may accompany the main proceedings. It may follow them in the final judgment; it cannot exist in judgment when the divorce, or proceedings for divorce, does not; and it is difficult to see on what principle this matter must be mentioned in the principal pleadings. * * * In England the claim for alimony is never inserted in the libel. Brandt's Law of Divorce, 197."

Volume 1, R. C. L. 945, sec. 19:

"The homestead law is a family shield and cannot be employed by either spouse to wrong the other. Accordingly it is generally held that a decree for alimony may be de-

clared a lien on the family homestead, even though the title thereto is vested in the husband.   *   *   *"

In Best v. Zutavern et al. (Neb.) 74 N. W. 64, the syllabus reads, in part, as follows.

"A judgment for alimony in favor of the wife is a lien on the homestead, the title whereof is vested in the husband."

The rule declared in Best v. Zutavern et al., supra, finds support in Shultz v. Shultz (Wis.) 113 N. W. 445; Harding v. Harding (Ky.) 92 N. W. 1080; Freeman v. Freeman (Neb.) 90 N. W. 245.

In Blankenship v. Blankenship, 19 Kan. 159, it is held:

"Upon granting a divorce to the husband by reason of default or aggression of the wife, the court has power to decree a sum allowed as alimony to the wife a lien upon the real estate of the husband; and under such a decree, the premises occupied by such husband and wife as a homestead at the date of the decree of divorce may be sold in satisfaction of said lien."

In Blankenship v. Blankenship, supra, Horton, C. J., speaking for the court, says:

"This court having already decided, in Brandon v. Brandon, 14 Kan. 342, that upon granting a divorce on account of the fault of the wife, the court has power to award to her the possession of the homestead, necessarily settles the question now presented as to the power of the court to declare the sum allowed as alimony a lien on all the property of the husband, and to authorize the sale of such property (even if it is a homestead) to satisfy the lien. The power to take the homestead from the husband, and assign the same to the wife, is the exercise of greater power than making a sum allowed as alimony a lien upon all the property of the husband, and ordering the same sold to discharge the lien. The greater power includes the less; and we find no error as to the sale of the homestead—it appearing from the record that the plaintiff in error was possessed of this identical property at the rendition of the judgment."

Our divorce laws were taken from Kansas, and the decisions in Blankenship v. Blankenship, supra, and in Brandon v. Brandon, supra, were rendered long prior to our adoption of our divorce laws, and said cases are controlling.

The holding in Blankenship v. Blankenship, supra, and Brandon v. Brandon, is followed in Gardenhire v. Gardenhire, 2 Okla. 484.

Finding no error in the record, the judgment of the trial court is affirmed.

All the Justices concur, except HARRISON, J., who concurs in the conclusion, but dissents from the second paragraph of the syllabus.