**In re Erla Jean LULUE, Appellant,**

v.

**OSTER & WEGENER,
a P.L.C., Appellee.**

No. 99–10330–WSS–13.

United States Bankruptcy Court,
S.D. Alabama.

April 30, 2001.

Larry C. Moorer, Mobile, AL, for creditor.

James M. Orr, Jr., Mobile, AL, for debtor.

### ORDER

WILLIAM S. SHULMAN, Bankruptcy Judge.

This matter is before the Court on the remand from the United States District Court for the Southern District of Alabama, case number 00–0374–BH–S. An order of the Bankruptcy Court dated February 3, 2000 was appealed to the District Court pursuant to a notice of appeal filed on February 12, 2000. The Bankruptcy Court had previously ruled that certain military retirement benefits received by the Debtor were not exempt property under federal or state law.

On appeal, the Appellant raised a new issued that the Bankruptcy Court was in error because Federal Rule of Bankruptcy Procedure 4003(b) grants the creditor and the trustee 30 days to object to a debtor's claim of exemption. The District Court remanded this case to the Bankruptcy Court in order to give it an opportunity to address the issue of whether the creditor waived its right to object to the Debtor's claim of exemption.

Some background on this case may be helpful. The Debtor initially filed a Chapter 7 bankruptcy on January 27, 1999. The § 341 meeting of creditors was held and adjourned sine die on March 1, 1999. On April 30, 1999, the creditor, the law firm of Oster & Wegener, a P.L.C., filed a motion to determine the validity of their attorney's lien.

The Bankruptcy Court entered an order on August 3, 1999 and determined that the lien or privilege (as the lien is referred to under Louisiana law) of Oster & Wegener, a P.L.C. was valid. The Court further ordered the parties to submit a copy of the divorce judgment and additional briefs on the issue of whether the military retirement benefits which the Debtor received from her former husband pursuant to a divorce decree was exempt under federal or state law. At the time the Debtor filed her bankruptcy, she claimed as exempt a "payment interest in former spouse MIL". (See Schedule C–Exempt Property). Even though it was not clearly stated, the Bankruptcy Court understood that the Debtor referred to the domestic relations court award of a 42.58% interest in her former husband's military retirement pay which would be payable to her for the rest of her former husband's life (See Judgment of Divorce). The law firm of Oster & Wegener, a P.L.C., represented the Debtor in her divorce proceeding and was owed the sum of $5,756.75 for the legal services that they performed representing her in that action. Oster & Wegener claimed that pursuant to Louisiana Revised Stat-

utes, Title 9, Section 5001, a special privilege is granted to attorneys for the amount of their professional fees on all judgments obtained by them and on the property recovered thereby and that it takes a rank as a first privilege (See Order of the Bankruptcy Court dated August 3, 1999).

On September 29, the Court made the August 3, 1999 order final and held that the privilege of Oster & Wegener, a P.L.C., was valid.

The Debtor filed a motion to alter, amend, or vacate the Court's final order of September 29, 1999 and after a hearing was held, the Court entered an order dated February 3, 2000 wherein it denied the Defendant's motion and held that the military retirement benefit received by the Debtor from her former spouse was not exempt under federal or state law.

Under Title 11 U.S.C. § 522($l$) the Debtor is required to file a list of property that the Debtor claims as exempt under § 522(b) and "unless a party in interest objects, the property claimed as exempt on such list is exempt." The Debtor claims that by Oster & Wegener failing to timely object under Bankruptcy Rule 4003(b), that the creditor has waived its right to object to the claim of exemption.

In order to place the bankruptcy exemption in its proper perspective one must look to 11 U.S.C. § 541(a). There it is stated as follows:

(a) the commencement of a case under § 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located by whomever held:

(1) except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

■ The exemption under § 522(b) allows a debtor to set apart as exempt certain property from the estate created under § 541. The bankruptcy court agrees with the Debtor that as far as the bankruptcy estate is concerned, the Debtor's claim to the military retirement proceeds is exempt. However, this does not affect the creditor's lien as to that property. The State of Alabama opted out of the exemptions allowed under § 522(d). Code of Alabama (1975) § 6–10–11. By the Debtor claiming the military retirement proceeds as exempt, it simply means that they are not part of the bankruptcy estate nor subject to the reach of the bankruptcy trustee. However the lien of Oster & Wegener is not affected by the Debtor claiming the retirement proceeds as exempt in bankruptcy. For example, a debtor can claim a homestead exemption with regard to real property that is subject to a mortgage. The fact that a debtor claims the exemption does not impact the validity of the mortgage lien that attached to the real property prior to the debtor filing bankruptcy. In the same way, the lien of Oster & Wegener attaches to the military retirement proceeds that the Debtor receives pursuant to her divorce decree by virtue of the Louisiana attorney privilege (or lien). Whether Oster & Wegener objected to the claim of exemption in bankruptcy would make no difference as to the validity of its lien which passed through the bankruptcy.

■ The Bankruptcy Code allows debtors to avoid certain liens against property that is claimed as exempt, to the extent that the lien impairs the exemption. 11 U.S.C. § 522(f). However, the Debtor in this case is unable to avoid the lien of Oster & Wegener because it is a statutory lien not a judicial lien.

Therefore, unless some other state or federal law allows the Debtor to claim the

proceeds as exempt, the lien may not be avoided.

The Debtor was given the opportunity to submit law with respect to whether the military retirement proceeds were exempt under other state or federal law but was unable to furnish the Court any such authority. As indicated in the Bankruptcy Court's order of February 3, 2000, it was determined that the statutory provision relied on by the Debtor related only to veteran's benefits. The retirement benefits at issue were paid through the Department of Defense under separate statutory authority, and were not encompassed by 38 U.S.C. § 5301.

Therefore, the Bankruptcy Court has considered the issue of whether the creditor's failure to object to the exemption claimed by the Debtor has any impact on the findings and conclusions that were previously made. For the reasons stated in this order, the Court concludes that it does not affect the prior decisions of the Court.