**In re Dawn Deanna BINGHAM,**
**Debtor.**

**No. 05–29781 NLJ.**

United States Bankruptcy Court,
W.D. Oklahoma.

June 22, 2006.

J. Brent Gaylon, Oklahoma City, OK, for Debtors.

Jim Pearson, Oklahoma City, OK, for Creditor.

**ORDER DENYING DEBTOR'S MO-
TION TO AVOID LIEN AND SUS-
TAINING CREDITOR'S MOTION
FOR STAY RELIEF**

NILES L. JACKSON, Bankruptcy Judge.

On February 8, 2006 this matter came on for hearing upon the [ ] Motion to Lift the Automatic Stay filed by Creditor Julie Simmons Rivers, P.C. (hereinafter the "Motion for Stay Relief") and Debtor's Motion to Avoid [ ] Lien (hereinafter the "Motion to Avoid Lien"). At the inception of the hearing, the Court accepted the parties' stipulation of facts and admitted by agreement Exhibits 1, 2, 3, 4 and 5 proffered by Ms. Rivers. At the conclusion of the hearing, after considering the stipulated facts, the evidence, and the argument of counsel, the court announced its ruling from the bench, which ruling is memorialized and supplemented in this order.

## FINDINGS OF FACT

1. Debtor (hereinafter "Client" or "Debtor") retained Ms. Rivers (hereinafter "Attorney" or "Creditor") to represent her in a District Court of Cleveland County divorce proceeding filed in the marriage of *Deanna D. Bingham*, Petitioner, and *Charles L. Bingham*, Respondent, case number FD–2004–509–B.

2. Attorney filed the Petition and Application for Temporary Order on May 12, 2004, on behalf of Client. On that pleading, the notation "ATTORNEY'S LIEN CLAIMED" appears.

3. On September 6, 2005 Attorney was permitted to withdraw as Client's Attorney of Record. The Order Allowing Withdrawal of Counsel specifically provides that:

> Julie Simmons Rivers of Family Law Solutions, P.C., former attorney for Petitioner, hereby asserts her lien upon Petitioner's claims in this action, including any verdict, report, decision, finding, judgment or settlement in Petitioner's favor and the proceeds thereof. The lien is for Julie Simmons Rivers of Family Law Solutions, P.C. for services rendered in this matter on behalf of Petitioner. The precise dollar amount is $10453.70.

4. Shortly thereafter, on October 4, 2005 Client filed her Chapter 7 Voluntary Petition in this Court.[1]

5. As a part of that Voluntary Petition, Debtor listed the obligation owed to Creditor (Family Law Solutions) as an unsecured debt. On January 11, 2006, Creditor filed her Motion for Stay Relief.

6. On February 7, 2006, Debtor filed her Motion to Avoid Lien.

7. On February 8, 2006, this Court conducted a hearing on the Motion for Stay Relief and Motion to Avoid Lien.[2]

## CONCLUSIONS OF LAW

■ 1. Oklahoma law provides that an attorney may assert a "statutory charging lien" when that attorney has commenced an action on behalf of the client or filed an answer containing a counterclaim and has endorsed upon the pleading filed with the court the attorney's name along with the words "Lien claimed." OKLA. STAT. tit. 5, § 6; *State ex rel. Oklahoma Bar Ass'n v. Meek*, 895 P.2d 692, 698 n. 20 (Okla.1994).

2. In Debtor's divorce action, Creditor perfected her statutory attorney's charging lien on May 12, 2004 by the filing of the Petition and Application for Temporary Order on behalf of Client that contained the notation "ATTORNEY'S LIEN CLAIMED".

■ 3. The Oklahoma Supreme Court has held that "an attorney's lien can attach to property awarded in a division of property in a divorce proceeding." *See Campanello v. Mason*, 571 P.2d 449 (Okla. 1977).

■ 4. An attorney's statutory charging lien in a divorce action can be imposed upon awarded marital property that would otherwise be exempt under Oklahoma law. *See Sooner Federal Savings and Loan Association v. Mobley*, 645 P.2d 1000, 1002 (Okla.1981) (citing *Haven v. Trammell*, 79 Okla. 309, 193 P. 631 (1920) wherein the Supreme Court "held that the trial court is vested with authority and discretion to make judgment and award of support ali-

---

1. From this point forward in this Order, the "Client" will be referred to as the "Debtor", and the "Attorney" will be referred to as the "Creditor".

2. Although the time to respond to the Motion to Avoid Lien had not elapsed on this date, the parties agreed that it should be heard at the same time as the Motion for Stay Relief.

mony and attorney fees a lien on homestead property").

5. During the hearing, the court recognized that the Creditor's statutory lien attached to all property listed in all seven paragraphs of the Summary Order. In open court, Creditor released her lien on the items listed in paragraphs 1, 2, 4, 5 and 6, but continued to assert her lien on the items listed in paragraphs 3 (retirement accounts) and 7 (property division alimony).

 6. A statutory charging attorney's lien is not included among the types of liens that can be avoided pursuant to 11 U.S.C. § 522(f)(1)(A). *See* 2 Norton Bankr. Law & Prac.2d § 46.24 ("The term [judicial lien] does not include ... a statutory lien, such as a[n] ... attorney's lien ....").

 7. Statutory liens are not subject to avoidance under 11 U.S.C. § 522(f)(1)(A). 4 Collier on Bankruptcy, ¶ 522.11[2] (15th ed. rev.2004).

8. An attorney's statutory charging lien which is properly perfected before the client files for bankruptcy is a statutory lien that cannot be avoided pursuant to 11 U.S.C. § 522(f)(1)(A). *Lulue v. Oster & Wegener (In re Lulue),* 281 B.R. 333, 335.

### DECISION

Based upon the foregoing Findings of Fact and Conclusions of Law, Debtor's Motion to Avoid Lien is denied and Creditor's Motion for Stay Relief is sustained. Because Creditor voluntarily released her lien on all items except those listed in paragraphs 3 and 7, the Court specifically rules that Creditor's statutory lien will attach to the proceeds from the retirement accounts and property division alimony once those funds come under Debtor's control. Accordingly, Creditor's Motion for Stay Relief is sustained as to only the

items listed in paragraphs 3 and 7, namely the retirement accounts and property division alimony.