MARGARET H. KARR v. FLORA E. BURNS.

LIS PENDENS—*Dismissal of Action.* *Lis pendens* exists only during the pendency of an action, and a dismissal of the action defeats *lis pendens* as to a grantee of the holder of the legal title without actual notice.

MEMORANDUM.—Error from Miami district court; JOHN T. BURRIS, judge. Action by Margaret H. Karr against Milton E. Karr and Flora E. Burns. Judgment for defendant Burns; plaintiff brings the case to this court. Affirmed. The facts are stated in the opinion, filed July 16, 1895.

*John C. Sheridan*, for plaintiff in error.
*Sheldon & Sheldon*, for defendant in error.

The opinion of the court was delivered by

COLE, J.: On December 26, 1888, Margaret H. Karr filed her petition in the district court of Miami county, alleging grounds for divorce from her husband, William Karr. She also made W. H. Karr and Milton E. Karr parties defendant in said action, and alleged as a cause of action against them that in 1883 her husband, with the joint means of herself and husband, purchased lots 8 and 9, in block 11, in Fontana, said county, and that the deed for said property was made in the name of her husband, William Karr, but that said William Karr did not record said deed, and that afterward he returned the same to the grantor, who, at the request of the said William Karr, destroyed said deed, and on May 20, 1886, executed a second deed to Milton E. Karr, who on May 21, 1886, placed said deed of record and gave a mortgage upon said premises to William H. Karr;

and she further claims in said petition that all these acts after the procurement of the deed were for the purpose of defrauding her of her interest in the premises as the wife of William Karr.

A summons was served personally upon William Karr on January 18, 1889, and on William H. Karr and Milton E. Karr on December 28, 1888, and, issues having been joined in said action, the cause came on for trial June 22, 1889, whereupon W. H. Karr and Milton E. Karr objected to the introduction of evidence under said petition on the ground of misjoinder of parties and causes of action, and, the objection having been sustained, Margaret H. Karr dismissed her cause of action without prejudice as to the defendants so objecting, and proceeded to trial upon her action against William Karr, and on July 2, 1889, the court granted her a divorce and a judgment for alimony in the sum of $500 and costs of suit.    The court further decreed that, as the action had been dismissed as to W. H. Karr and Milton E. Karr, he could make no order as to the real estate described in the petition.    On the same day that Margaret H. Karr dismissed her cause of action as to William H. Karr and Milton E. Karr, she commenced a new action against them, and also joined as a party defendant Flora E. Burns, who, on the 4th day of January, 1889, had loaned Milton E. Karr $300, and taken as security therefor a mortgage upon the real estate above described.

In her petition in the second action Margaret H. Karr alleged substantially the same facts with reference to the real estate as in her former petition, and further alleged that the mortgage given by Milton E. Karr to Flora E. Burns was fraudulently executed and delivered, and that at the time of receiving the

same the said Flora E. Burns well knew that the conveyance of the premises referred to in the mortgage to Milton E. Karr was fraudulent and void ; and said Margaret H. Karr asked that the conveyance to Milton E. Karr be set aside, that the title to said premises be decreed to be in William Karr, that the mortgage to Flora E. Burns be declared null and void, that whatever interest William H. Karr might claim in said premises be held void, and for such further relief as she might in equity be entitled to.   Milton E. Karr was personally served with a summons in said action on June 22, 1889, but said service was afterward quashed upon motion, and service by publication was then make upon William H. Karr and M. E. Karr. The defendant, Flora E. Burns, filed an answer and cross-petition in said action, denying the allegations of the petition, and asking for a foreclosure of her mortgage upon the real estate in dispute.   The defendant, Milton E. Karr, filed his demurrer to the petition of Margaret H. Karr, and the said demurrer coming on to be heard, thereupon said Margaret H. Karr dismissed said action without prejudice, and at the same time obtained leave of the court to answer the cross-petition of Flora E. Burns.

In her answer to said cross-petition, which answer was filed October 11, 1889, Margaret H. Karr alleged a title to said real estate in William Karr, and that, at the time of the execution and delivery of the note and mortgage described in the cross-petition, she, the said Margaret H. Karr, was the wife of said William Karr, and was possessed of a homestead right in said real estate which she had never conveyed, and that she was, at the date of filing said answer and for a long time prior had been, occupying said real estate for a homestead.   She further recited in said answer

the allegations contained in the petition theretofore filed by her against William Karr, M. E. Karr, and W. H. Karr, and the various proceedings had in said case, which are hereinbefore described, including the decree obtained against William Karr, and alleged that she had caused execution to issue against the said real estate, and that a judgment which she had obtained against William Karr was in full force and effect, and that no part had been paid or satisfied. She asked that the note and mortgage of Flora E. Burns be declared no lien upon said real estate as against the claim of said Margaret H. Karr, and she further asked that William Karr be declared owner of said property, and that Milton E. Karr be declared to have no interest therein.

The defendant, Flora E. Burns, replied to the answer of Margaret H. Karr, and alleged in said reply, in addition to the general denial, that Margaret H. Karr married William Karr in 1871, and separated from him in January of 1886, and that she never afterward lived with him nor did she afterward keep house in the state of Kansas; and further, said Margaret H. Karr did not occupy said premises as a homestead for three years prior to said filing of the said reply, and that, if she was now so occupying it, it was for the purpose of defrauding said Flora E. Burns. She further alleged that at the time of the execution and delivery of her said notes and mortgage the said premises described therein were not occupied by any of the parties to this suit, either as a homestead or otherwise. She further alleged the bringing of the action for divorce above described, and the dismissal of said action as to William H. Karr and Milton E. Karr, and that no judgment was rendered therein affecting said real estate. She also

recited the proceedings had in the action in which said reply was had, including the dismissal of said suit.

This cause afterward came on to be heard upon the issues joined by the defendant, Flora E. Burns, and Margaret H. Karr. The cause was tried by the court, a jury having been waived, and a decree rendered foreclosing the mortgage of Flora E. Burns, and declaring the amount due thereon the first lien upon the real estate in dispute, and a judgment of Margaret H. Karr for alimony a second lien upon said premises. The decree further ordered the sale of said premises and the application of the proceeds as follows : First, to the payment of the costs of said suit and of said sale ; second, to the payment of the judgment of Flora E. Burns, with interest thereon ; third, to the payment of the costs of the action brought by Margaret H. Karr for divorce ; and, fourth, to the payment of the judgment for alimony of Margaret H. Karr. From the said decree, as well as the ruling of the court in refusing to set aside the same and grant a new trial, the plaintiff in error brings the case to this court.

Two questions are presented for our consideration, the first being jurisdictional. It is suggested by the brief of defendant in error that William Karr and M. E. Karr are necessary parties in this proceeding in error, and that the cause should be dismissed because of the failure of the plaintiff in error to bring them into this court. The point is not well taken. Both of these parties were bound by the decree made by the trial court, and neither of them excepted to the same, and the decree, therefore, is final as to them, and no judgment rendered in this court would affect their rights. It is true that Margaret H. Karr had dismissed her cause of action in the court below

against both defendants, but at the time of said dismissal the answer and cross-petition of Flora E. Burns had been filed, and said William Karr and M. E. Karr, having been properly served, were bound to take notice of all pleadings thereafter filed in said cause. The main question in this case is whether the doctrine of *lis pendens* applies under the pleadings and evidence in this case, and whether Flora E. Burns was a *pendente lite* incumbrancer.

Most of the essential facts in this case are clearly shown by the evidence. There can be no doubt that, in 1883, William Karr purchased the real estate in question, and that the deed therefor was at that time made to him, but was never recorded. In 1886, Margaret H. Karr was ill and went to Indiana, and from there to Ohio. She remained away 2½ years, and, while there is not a great deal of evidence on the subject, it fairly appears that she did not intend to return and live with William Karr. About the time of her departure, William Karr returned the deed to the premises in dispute to the grantor named therein, and prevailed upon the said grantor to execute and deliver a second deed conveying said premises to Milton E. Karr, who was the son of the said William Karr by a former marriage. While it does not fully appear that the means of Mrs. Karr were used in the original purchase, it does appear that the property was bought with the money of William Karr, or the joint means of William Karr and wife, and that Milton E. Karr had not paid any of the purchase-price of the said real estate ; and there is no doubt, under the evidence, that William Karr took this course in regard to the property for the purpose of placing it beyond the reach of his wife. The evidence further shows that Milton E. Karr placed his deed of record on May 21, 1886. The

property described in the deed was rented to a tenant, and was never occupied by William Karr and his wife, or either of them, from the time of the recording of said deed until after the decree of divorce in the action of Margaret H. Karr *v.* William Karr, which was in July, 1889. It also clearly appears that Flora E. Burns had no actual knowledge of the fraud on the part of William Karr and Milton E. Karr, and no knowledge of any of the difficulties between the parties, and that the loan was made by an agent of hers in good faith. The application of the doctrine of *lis pendens* is one which has been invoked since the earliest cases, and the rule as finally laid down in the reports of this country seems to be that, in order for the doctrine to be applied, the action must be properly brought so that the court shall have jurisdiction over the person and the property, and must be vigorously and continuously prosecuted. As is stated in Freeman on Judgments (§ 203) :

" If a suit were not prosecuted with effect — as if, at law, it were discontinued, or the plaintiff suffered nonsuit ; or if, in chancery, the suit were dismissed for want of prosecution, or for any other cause not on the merits ; or if, at law or in chancery, any suit abated — although in all such cases a new action could be brought — it could not affect a purchaser during the pendency of the first suit."

There is grave doubt in this case whether the plaintiff in error has ever placed herself in a position to enforce the doctrine of *lis pendens* against Flora E. Burns. The action which she brought against William Karr, Milton E. Karr and William H. Karr proceeded to final decree after a dismissal as to Milton E. Karr and W. H. Karr, and this dismissal seems to have been because of a ruling of the court below sustaining an objection to the introduction of evidence

as to these defendants because of misjoinder of parties
and causes of action. If the action was not properly
brought as to Milton E. Karr, in whom the legal title
to the property in dispute rested, then the doctrine of
*lis pendens* could not be enforced as to a *bona fide* pur-
chaser or mortgagee pending such action. But, with
our view of this case, it is not necessary to decide
whether in the first instance the plaintiff in error
placed herself in such position in the bringing of her
cause of action as to permit the enforcement of the
doctrine of *lis pendens*. As appears by the record, the
first action brought by the plaintiff in error was dis-
missed on June 22, 1889, as to the defendants, Milton
E. Karr and W. H. Karr, and, while a new action
was commenced immediately by the filing of a peti-
tion in which Milton E. Karr and Flora E. Burns
were both made defendants, this action of plaintiff in
error was also dismissed, and the cause proceeded to
trial upon issues framed between Flora E. Burns and
Margaret H. Karr. It is true that the answer filed
by Margaret H. Karr to the cross-petition of Flora E.
Burns sets up the same facts that form a part of her
petition and original action for divorce, and also of
the one filed by her in her second action; and while
the record does not disclose the exact date at which
the second dismissal took place, yet it does disclose
that there was a lapse of time between the dismissal
and the filing of the answer of Margaret H. Karr to
the cross-petition of Flora E. Burns, and, if *lis pen-
dens* may be said ever to have existed, it was certainly
defeated by the failure of plaintiff in error contin-
uously to prosecute her action. (*Clarkson v. Morgan,*
6 B. Mon. 441.)

In the case of *Tootle v. Cahn,* 52 Kas. 73, which was
an action brought by the creditors of one Miner, Cahn

& Co. dismissed their cause of action, and, on the same day, instituted another action against Miner, and also caused an order of garnishment to issue by which they undertook to garnish certain funds in the hands of the clerk of the court of Clark county. Prior to the dismissal and commencement of the new action, Miner had assigned to Tootle all his interest in said fund. In that case the court says:

"This assignment and transfer had been received and accepted by the clerk before any new action was begun by Cahn & Co. or any garnishment process had been served. When the action of Cahn & Co. was dismissed, the assignment and transfer became effective, and left nothing in the hands of the clerk to be seized by the process of garnishment or attachment."

In the same case the court also says:

"We are unable to sustain the decision of the court giving priority of lien or right in the fund to Joseph Cahn & Co. When that firm dismissed its action on August 9, it lost its lien or claim of lien obtained in that action."

It is true, in that case a lien upon certain proceeds was sought to be gained, and *lis pendens* is in no way a lien upon the property sought to be affected, but it would seem that the same rule should apply in case of a dismissal of any action, that if an action is dismissed for any purpose it is dismissed for all purposes. (*McPherson v. Storch*, 39 Kas. 321.)

In *Hammond v. Paxton*, 58 Mich. 393, the court says·

"The object of the notice is to prevent the party to the litigation from alienating the property in dispute so as to affect the rights of his opponent, and to bind the property, in whosesoever hands it may be, with the decree when made in the case. Hence, if the suit be abandoned or no decree made therein, the purchaser is not affected by the filing of the notice."

And in the case of *Grimes v. Chamberlain*, 27 Neb. 605, it is held :

"An entry of dismissal terminates the jurisdiction of the court from the cause of action presented by such plaintiff, except for the purpose of entering the order of dismissal and rendering judgment for costs."

It follows from these views that, Flora E. Burns having obtained her mortgage in good faith, the judgment of the trial court granting unto said Flora E. Burns a first lien upon the premises described in her mortgage was correct, and is therefore affirmed.

All the Judges concurring.