## DENNIS, State Bank Com'r, v. KELLEY et al.

No. 11709—Opinion Filed March 15, 1921.

Rehearing Denied April 26, 1921.

(Syllabus.)

1. **Judgment—Conclusiveness—Judgment on Pleadings.**

A judgment or decree rendered on motion for judgment upon the pleadings is as conclusive of the matters and questions contained in said pleadings as a verdict, and such judgment or decree, unappealed from, becomes a final judgment or decree upon the merits.

2. **Same—Mistake of Law—Effect.**

A judgment not appealed from is no less conclusive because it is based upon mistake of law.

3. **Judgment — Vacation for Fraud — Jurisdiction.**

The district courts of this state, in exercising their equitable jurisdiction, have power to vacate and annul orders or judgments of other courts in a proceeding brought for that purpose, for fraud in inducing or entering into such order or judgment, but only where such fraud is extraneous to the issues in the proceeding attacked, and especially where the court has been imposed upon by such fraud.

4. **Stipulations — Mortgage Foreclosure — Waiver of Rights.**

In a foreclosure proceeding where the mortgagee has obtained a judgment of foreclosure and the mortgage contains the provision "appraisement waived", the mortgagor and persons affected thereby may stipulate to waive the six months statutory period before an order of sale shall issue and may further

stipulate that the property may be advertised and sold, without appraisement, upon advertisement as provided by law for sale of land under execution, and where the parties have so stipulated and an order of sale is issued, and the property is advertised and sold to the highest bidder and the sale confirmed by the court, all of which is in accordance with the terms of the stipulation, held, the order confirming the sale is not void, and will not be set aside, unless on the ground of fraud, collusion, mistake, accident, or surprise.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Thomas J. Kelley and wife against Fred G. Dennis, State Bank Commissioner, and others to cancel conveyances and quiet title. Judgment for plaintiffs, and defendant named brings error. Reversed and remanded.

S. P. Freeling. Atty. Gen., and M. M. Thomas, Atty. for State Banking Department, for plaintiff in error.

Wm. A. Smith, for defendants in error.

McNEILL, J. This action was commenced by Thomas. J. Kelly and Caroline B. Kelly, his wife, against Fred G. Dennis, State Bank Commissioner of the state of Oklahoma, and numerous other parties to recover possession of the northwest quarter of section twelve (12), township twelve (12) north, range one (1) east of the Indian meridian, Oklahoma county, to set aside a deed executed by plaintiffs on December 10, 1909, to J. T. Beam and further to cancel numerous mortgages executed by Beam and other parties upon said premises, and to declare a sheriff's deed executed to Dennis void and to quiet title in the plaintiffs. The defendant Fred G. Dennis, State Bank Commissioner, filed a general demurrer, and specially raised the question of the statute of limitations; the demurrer was overruled, and an answer was filed pleading the statute of limitations, and the further defense that the case had been res adjudicata in a former action in the district court of Oklahoma county, entitled Night and Day Bank v. J. T. Beam and Nancy E. Beam, Thomas J. Kelley, and Nick M. Ellis, being case No. 9778, and attached a copy of the judgment in the former action to the answer. The material facts necessary to a decision in this case may be stated as follows:

On December 10, 1909, the plaintiffs herein executed a deed to the above described property to J. T. Beam. It is contended that this deed was obtained by fraud and without consideration. On January 25, 1910, Beam executed a mortgage upon the land to Union Central Life Insurance Company for $4,000. Thereafter Beam transferred the land to Ortho J. Dickson, the deed never being recorded, and Dickson, on the 3rd day of Feb-

ruary, 1910, executed a mortgage to J. T. Beam for $3,000, which was assigned to Nick M. Ellis, who in turn assigned the same to the Night and Day Bank. Dickson conveyed the property to Nancy E. Beam, wife of J. T. Beam. On November 19, 1910, the Night and Day Bank, alleging it was the owner of the note and mortgage executed by Dickson to Beam, brought suit in the district court of Oklahoma county against O. J. Dickson, J. T. Beam, Nancy E. Beam, Thomas J. Kelley, and Nick M. Ellis to foreclose said mortgage, the case being case No. 9778.

The plaintiff herein, Thomas J. Kelley, filed his answer in case No. 9778, pleading that the deed executed by himself to Beam was obtained by fraud and without consideration, and that the note executed by Dickson to Beam and transferred to the Night and Day Bank was without consideration and void, and asked to have the deed to Beam set aside and the mortgage canceled, and said conveances be adjudged fraudulent and void.

On the 10th day of February, 1911, Van Evera and Robinson intervened in cause No. 9778 and filed a plea of intervention alleging that they were the owners of a mortgage executed by J. T. Beam upon said premises, and the same was superior to the mortgage of the Night and Day Bank, and asked that the mortgage be foreclosed and the premises be sold to satisfy their mortgage. The plaintiff T. J. Kelley answered the petition of the Night and Day Bank, then filed his answer to the petition of Van Evera and Robinson, and again pleaded that the deed to Beam was obtained by fraud and void and that all the mortgages were without consideration and void.

On the 11th day of April, 1911, after the issues were joined in said cause No. 9778 the attorneys for interveners, Van Evera and Robinson, filed a motion for judgment on the pleadings. The motion came on for hearing before the court on April 20, 1920, for judgment upon the petition of the interveners and answer of defendants, which was sustained by the court. The court thereupon rendered judgment finding that the Union Central Life Insurance Company had a first mortgage upon the premises in the sum of $4,000, and that Van Evera and Robinson had a second mortgage upon the premises in the sum of $1,040, which was ordered foreclosed and the property sold, subject to mortgage of Union Central Life Insurance Company, to satisfy said mortgage of Van Evera and Robinson; and the court further found that the Night and Day Bank had a mortgage upon said premises in the sum of $3,500 which was a third mortgage upon said premises. The

court decreed that on foreclosure sale the property be sold subject to the mortgage of Union Central Life Insurance Company and the money be applied, first, to payment of costs; second, to payment of taxes; third, to judgment lien of Van Evera and Robinson; and, fourth, to the mortgage of the Night and Day Bank; and, fifth, the balance to be paid into court.

The court further ordered and decreed that from and after said sale O. J. Dickson, T. J. Beam, Nancy E. Beam, T. J. Kelley, and Nick M. Ellis, and the plaintiff in that action, to wit, the Night and Day Bank, and all parties claiming under them subsequent to filing of petition be barred and foreclosed of all right, title, and interest in said premises. The journal entry of judgment was approved by the attorneys for all parties to said action, including attorneys Wilson and Wilson, who were attorneys of record of Thomas J. Kelley, the plaintiff herein. No appeal was ever taken from said judgment by Thomas J. Kelley or any other party thereto, nor any exception saved to the judgment of the court.

Thereafter a stipulation was filed in said cause signed by attorneys for interpleader, and the Night and Day Bank, and J. T. Beam, and Nancy E. Beam, the owner of the land, stipulating that the order of sale might be issued forthwith, and the property sold without appraisement, and it was further stipulated the Beams might retain possession of said premises until January 1, 1912, and retain the crops growing on said premises.

On July 27, 1911, an order of sale was issued and the property was advertised for sale, and on the 8th day of September, 1911, Fred G. Dennis bid in said property for the sum of $1,575 cash, and on the 16th day of September, 1911, the sale was confirmed and the sheriff ordered to execute a deed to Fred G. Dennis. Fred G. Dennis was secretary of the State Banking Board and bought the property for the use of the guarantee fund of Oklahoma, and on the 29th day of November, 1912, executed a quitclaim deed to J. D. Lankford, Bank Commissioner. The Night and Day Bank, on the 7th day of June, 1911, was taken over by the State Bank Commissioner, and he as such became the owner of the judgment in favor of the Night and Day Bank on said premises.

This action was commenced the 11th day of January, 1919. The court found that the deed from the plaintiffs to Beam was fraudulent and without consideration. The court found that the different mortgages heretofore referred to were executed by the parties as stated heretofore. The court further found that the proceedings had in case No. 9778

were in accord with the statement heretofore made. The court made findings of fact and conclusions of law and rendered judgment in favor of plaintiffs and against the defendants. From said judgment the defendant Fred G. Dennis, Bank Commissioner of the State of Oklahoma, has appealed and for reversal has specified and argued numerous assignments of error.

We will first consider the third conclusion of law of the court, which is as follows:

"The judgment rendered in cause 9778 in favor of Van Evera and Robinson upon the motion for judgment upon the pleadings, while erroneous, was a final judgment, and has been fully satisfied by application of the funds paid to the sheriff by Mr. Dennis, the successful bidder at the sale on September 8, 1911."

The court concluded as a matter of law that the judgment in case No. 9778, while erroneous, was a final judgment. This conclusion is a correct statement of the law. The judgment was rendered on a motion for judgment on the petition of the interpleader and the answer of Kelley filed to said petition.

The force and effect of a motion for judgment upon the pleadings is in the nature of a demurrer to the pleadings of the adverse party to which it is directed, and it also exercises the function of a motion in its application for an order for judgment. See Schuber v. McDuffee, 67 Oklahoma, 169 Pac. 643; Peck v. First Nat. Bank of Claremore, 50 Okla. 252, 150 Pac. 1039; Dunn et al. v. Claunch et al., 15 Okla. 27, 78 Pac. 388; Cobb v. Kenefick, 23 Okla. 440, 100 Pac. 545.

That a judgment rendered upon a demurrer is conclusive of the matters and things pleaded by the party against whom the demurrer is lodged is the holding of this court in the case of Corrugated Culvert Co. v. Simpson Twp., 51 Okla. 178, 151 Pac. 854, it being stated:

"A judgment or decree rendered on demurrer to a material pleading on the ground that the facts therein stated are insufficient in law is as conclusive of the matters and things confessed by the demurrer as a verdict finding the same facts to be true; and such a judgment or decree, unappealed from, becomes a final judgment or decree upon the merits."

See, also, Wiley v. Edmondson, 43 Okla. 1, 133 Pac. 38; Baker v. Leavitt, 54 Okla. 70, 153 Pac. 1099.

The fact that the judgment might be erroneous is not material, is the holding of this court in the case of National Surety Co. v. Hanson Builders' Supply Co., 64 Okla. 59, 165 Pac. 1136, where the court stated as follows:

"A judgment is no less conclusive because it is based upon a mistake of law."

See, also, Board of County Com'rs of Atoka Co. v. Cypert, 65 Okla. 168, 166 Pac. 195.

The force and effect of the judgment of the court on the motion for judgment on the pleadings, in so far as it related to the mortgage of the intervener, the answer of Kelley raising the identical questions pleaded in the instant case, was that Kelley was not the owner of the premises and the deed from him to Beam was not obtained by fraud, and that the mortgage of the interveners was executed for a valuable consideration, and these matters were all adjudicated in that judgment although the judgment was erroneous, and the same became final when not appealed from.

Defendants in error, however, contend that even if the judgment was upon its merits, it was not res adjudicata, for the reason it was obtained by fraud. The trial court found no fraud in obtaining the judgment and held the judgment was final. A judgment may be set aside for fraud only where such fraud is extraneous to the proceedings attacked, and especially where the court has been imposed upon by fraud. See McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739, and cases therein cited. The petition does not state a cause of action on the ground of fraud, nor would the evidence support any such finding. It is unnecessary to consider whether the action to set aside said judgment is barred by sections 5267 and 5274, Rev. Laws 1910, which provide the time and manner in which judgments may be set aside.

We will next consider the finding of the court and conclusions of law regarding the sale of the property under the order of sale. The court found that on the 27th day of July, 1911, J. T. Beam and Nancy Beam executed a waiver of stay of execution, which was in the form of a stipulation signed by attorneys for the Night and Day Bank and attorneys for interveners in which it was agreed and stipulated that an order of sale might be issued at once, and said property sold without appraisement upon advertisement as by law provided in case of sale on execution. The court found the stipulation was filed, the order of sale issued reciting in the order the stipulation, and the order of sale was delivered to the sheriff, the property advertised and sold without appraisement to F. G. Dennis on September 8, 1911, for $1,575, and on the 16th day of September, 1911, the sale was confirmed and the sheriff ordered to execute a deed to the purchaser.

The fifth conclusion of law based upon this finding of the court is as follows:

"The sale to Mr. Dennis of the property without appraisement under the execution or order of sale on September 8, 1911, was void and no title passed to the purchaser under the sheriff's deed."

In this we think the court committed error. It is only necessary to consider whether Nancy E. Beam and her husband, J. T. Beam, who were the owners of the land, might stipulate and agree that the property should be sold without appraisement.

The general rule upon the force and effect of stipulations is stated in 36 Cyc. 1285, as follows:

"Any matter which involves the individual rights of the parties to a cause may properly be made the subject of a stipulation between them. They may, by stipulation, waive the benefit of a statutory or constitutional provision, or rule of law, or irregularities, and they may agree upon the existence or truth of certain facts."

This court, in the case of Hertzel v. Webber, 31 Okla. 5, 120 Pac. 589, quoted said paragraph from Cyc. with approval. We know of no reason why this stipulation is not binding upon the parties to the action. It was certainly binding upon Beam and his wife, and the interpleader, and the Night and Day Bank, and it was likewise binding upon Kelley, for the judgment decreed he had no interest in the land, as the court held that his answer and cross-petition did not state facts sufficient to constitute a defense or to disclose that he had any title in the premises, and that judgment being final that he had no interest in the premises, he was not a necessary party to the stipulation.

While there are numerous other questions presented in the brief by plaintiff in error, to wit, the statute of limitations and numerous other questions, it is unnecessary to consider them. We therefore conclude that the judgment in case No. 9778 was conclusive against the plaintiff Kelley as to matters and things pleaded in his answer to the petition of the interveners, and that the sale thereafter was valid and binding, and that upon confirmation of said sale the right, title, and interest of the plaintiff Kelley were foreclosed. The court found that on the date of the execution of the deed from the Kelleys to Beam, on the 6th day of October, 1909, Kelley and wife were occupying the land as a homestead. The evidence disclosed that, immediately or very shortly thereafter, Kelley and his wife vacated the land and never occupied the same after said time. There is no evidence that at the time of the judgment in case No. 9778, on the 20th day of April, 1911, the property was the homestead of Kelley and wife, or that they claimed the same as a

homestead, nor. does. she question that judg-, ment or contend it. was void for the reason the land was the homestead at said time, and that she, not being a party to the proceedings, was not bound by the same. There was no evidence upon which the court could find the property was the homestead, or claimed as a homestead on the date of the judgment against Kelley. So we think that question is immaterial in the case.

We therefore conclude that the court erred in holding the sale under the judgment, in accordance with the stipulation, void.

The judgment of the trial court is therefore reversed, and the cause remanded. with instructions to dismiss the plaintiffs' petition and to render judgment for the defendant quieting title in said premises and for costs.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.