### ROBINSON v. ANDERSON et al.

No. 12032—Opinion Filed Dec. 12, 1922.

Rehearing Denied Jan. 23, 1923.

(Syllabus.)

**1. Judgment—Conclusiveness of Judgment on Pleadings.**

A judgment or decree rendered on motion for judgment upon the pleadings is as conclusive of the matters and questions contained in said pleadings as a verdict, and such judgment or decree, unappealed from, becomes a final judgment or decree upon the merits.

**2. Judgment—Conclusiveness—Effect of Mistake of Law.**

A judgment not appealed from is no less conclusive because it is based upon mistake of law.

**3. Same—"Judgment on Merits"—"Motion to Dismiss" in Effect Judgment on Pleadings.**

A pleading in a cause is measured by its terms rather than by the name given it by the pleader, and where the trial court sustains a pleading filed by the defendant which he denominates a motion to dismiss the cause at the cost of the plaintiffs, and the grounds stated in the motion render the same tantamount to a motion for a judgment on the pleadings, the judgment sustaining the same is a final judgment on the merits, and where not appealed from, is a bar to the plaintiffs and those in privity with them, maintaining a future action against the defendant involving the same subject-matter.

**4. Same—Judgment as Bar to Action for Partition.**

Record examined, and no reversible error appearing therein, held, that the judgment of the trial court should be affirmed, and it is so ordered.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action in partition by Alex Robinson against Jacob Anderson. Judgment for defendant, and plaintiff brought error. Upon death of defendant in error, action revived in names of his administrators. Affirmed.

Vilas V. Vernor, for plaintiff in error.

W. E. Disney and John Wheeler, for defendants in error.

JOHNSON, J. This is an appeal from the superior court of Muskogee county; Hon. Guy F. Nelson, Judge.

The record discloses that the plaintiff in error was the plaintiff in the trial court and the defendant in error was the defendant in the trial court, so, for convenience, the parties to this action will be referred to in this opinion as plaintiff and defendant, respectively, as they appeared in the trial court.

The plaintiff's petition in substance alleged one Soloman Taylor was enrolled as a member of the Creek Tribe of Indians and received as and for the homestead portion of this allotment of land the following 40 acres; Southwest quarter of southeast quarter of section 21, township 15 north, range 16 east, located in Muskogee county Oklahoma; and that he was the recipient of separate homestead deed therefor. That in the month of May, in the year 1909, Soloman Taylor died intestate and leaving as his sole and only heirs at law his sons and daughters, John Taylor, Fred Taylor, and Georgia Banks, nee Taylor, and his widow, Kitty Taylor, and they became the owners of said 40 acre homestead tract of land; that in the fall of the year 1911, the said Kitty Taylor, widow of Soloman Taylor, died intestate, and that upon her death the above-named children inherited her interest in the land and thereby became owners of the entire 40 acres.

After the death of the allottee, Soloman Taylor, one Scott McIntosh was appointed as administrator of his estate. And Scott McIntosh proceeded to make an administrator's sale of the above described homestead 40 acre allotment of land as made to Soloman Taylor, for the purpose of paying debts and expense of administration, and did on the 19th day of January, 1911, execute his adminstrator's deed to the purchaser, N. K. Farmer, which latter person under said deed went into the possession of the property, and later deeded the land to the defendant, Jacob Anderson. That on April 9, 1918, the heretofore named children of Solomon Taylor, deceased, instituted their suit in ejection against Jacob Anderson, defendant, in possession of the 40 acres of land, in the then superior court of Muskogee county, which was No. 7258, and the defendants therein were Jacob Anderson, Gladys-Bell Oil Company, L. L. Hutchinson, Kanola Oil Company, and Oklahoma-Iowa Oil Company, the said latter oil companies and L. L. Hutchison being interested in an oil and gas mining lease covering the premises executed by Jacob Anderson, and which suit attacked the validity of the administrator's deed and prayed that the same be canceled and that the plaintiffs as heirs of Soloman Taylor be decreed to be the owners of the 40-acre homestead allotment.

To that petition counsel for Jacob Anderson took the position that the administrator's deed was valid, and after the issues were made up in that case, filed their motion for

judgment upon the pleadings. The trial court, after hearing extended argument upon that motion, overruling the same, but judgment could not be rendered until trial day, when a jury would also establish the amount of judgment due plaintiffs for rents and profits.

The defendants in that case, and especially Jacob Anderson, the principal defendant in that case and the defendant in this case, then went to the plaintiffs and negotiated with them for quitclaim deeds he being in the possession of the property.

In the meantime, subsequent to the institution of the above suit, the plaintiffs, the heirs of Soloman Taylor, deceased, had made their deeds for a valuable consideration to the plaintiff in the instant case, Alex Robinson, who purchased from them pendente lite and placed his deeds of record, and all of which was well known to Jacob Anderson, who was in possession claiming under the administrator's deed, so, notwithstanding the fact that he had knowledge that plaintiffs in case No. 7258 had conveyed to Alex Robinson, plaintiff herein, pendente lite, he proceeded to take deeds to himself from the heirs of Soloman Taylor, deceased, presumably proceeding under the belief that because of his being in possession the champerty law implied and the deeds theretofore made by the heirs of Soloman Taylor to Alex Robinson were champertous and void as to himself in possession.

Thereafter counsel for Jacob Anderson, in case No. 7258, filed their motion praying that the suit of the plaintiffs be dismissed because of Jacob Anderson having taken deeds from the plaintiffs, and which deeds were taken long after Jacob Anderson had both actual and constructive notice of the same parties having deeded to Alex Robinson. Thereafter the trial court, on February 3, 1910, sustained this motion and dismissed the action of plaintiffs on the motion of the defendants.

Fred Taylor, and his wife, conveyed his interest in his father's homestead 40 acres to N. K. Farmer prior to the administrator's sale, so that when the sale was made by the administrator to N. K. Farmer, the latter, at that time, owned the undivided one-fourth of Fred Taylor.

After the court had dismissed the action No. 7258, upon the motion of the defendant, Jacob Anderson, the instant suit was instituted by the plaintiff, Alex Robinson, by filing in the district court of Muskogee county on March 25, 1920, his petition in partition, in which the plaintiff alleged he was the owner of an undivided three-fourths interest in the above 40 acres by virtue of deeds executed to himself by Albert Taylor, John Taylor, and Georgia Banks, nee Taylor, and attached to his petition copies of the deeds executed by said parties as heirs of their father, Soloman Taylor, and which petition further alleged that the defendant, Jacob Anderson, was the owner of an undivided one-fourth interest in said land by virtue of the deed made by Fred Taylor and wife to N. K. Farmer, and by Farmer later conveyed to Jacob Anderson.

Thereafter the defendant filed his answer in this cause, in which he set up as a defense to this action the administrator's deed to N. K. Farmer, as aforesaid, the deed from Farmer and wife to defendant, as well as the heretofore narrated deeds from Albert Taylor and John Taylor—no deed was ever obtained by the defendant from Georgia Banks, nee Taylor; the defendant relied on what he termed "the final judgment and order of this court rendered in case No. 7258, made and entered in said court and cause February 3, 1919." The defendant also pleaded as further defense that the dismissal above quoted was a final judgment rendered in case No. 7258, and that Alex Robinson, plaintiff herein, who had purchased pendente lite, was conclusively bound thereby; that the deeds of plaintiff were champertous and void because of being made by persons out of possession of the property for more than one year prior to date of execution of deeds; that plaintiff was barred by the statute of limitations; prayed for a cancellation of a contract entered into by the heirs of Soloman Taylor and counsel for this plaintiff at the time of the filing of suit in case No. 7258, and wound up by praying for a quieting of title, etc. The answer aforesaid had attached to its copy of the administrator's deed, copy of petition as filed in the old case No. 7258, copy of motion filed by the defendant to dismiss the plaintiff's case No. 7258, after taking deeds from the heirs subsequent to the heirs deeding to Alex Robinson, plaintiff herein; copy of the court's order sustaining said motion and dismissing plaintiff's case No. 7258.

Thereafter, on October 15, 1920, plaintiff filed his reply in this cause, in which he denied any new matter as set up by defendant in his answer; denied that defendant obtained any title by virtue of the administrator's deed; denied that the dismissal by the court upon motion of defendant of case No. 7258 was a binding judgment upon the plaintiff in this cause; denied that the champerty laws of the state of Oklahoma applied to Indian allotments in contravention of the

acts of Congress; denied that the statute of limitations of Oklahoma applied in this case, and pleaded that at the time of the taking of the quitclaim deeds from a part of the heirs of Soloman Taylor, deceased, by the defendant, Jacob Anderson, he, the said Anderson, had both actual and constructive knowledge of the fact that the heirs had theretofore deeded their interest in said land to this plaintiff, and that the same was shown by the records in the office of the county clerk of Muskogee county by both contracts calling for such conveyances as well as later the recorded conveyances themselves, all of which was prior to the taking of deeds by the defendant and was in addition to the actual knowledge of these matters by the defendant himself.

Thereafter, on October 23, 1920, the cause came on to be heard before a jury, and counsel for plaintiff made his opening statement; thereupon counsel for defendant moved for judgment upon the opening statement of counsel for plaintiff and upon the pleadings, which was sustained by the court and a judgment accordingly rendered.

Thereafter plaintiff filed his motion for a new trial on October 26, 1920, and the same was, on October 30, 1920, by the court overruled, to which ruling of the court plaintiff excepted and gave necessary legal notice in open court of his intention to appeal to the Supreme Court, and was for good cause shown, granted an extention of time in which to make and serve a case, all of which was done, and thereafter said case-made was properly signed and settled by the trial court and filed in this court.

Later the defendant, Jacob Anderson, died while this cause was pending in this court, and the same was by the plaintiff revived in the name of the administrators of the estate of Jacob Anderson, they being J. C. Buchanan and H. A. Boyles, and a proper order of this court to that effect has been heretofore entered under and by virtue of sections 6301, 6302, Rev. Laws 1910, and this case is now before this court on the following assignments of error:

"Plaintiff alleges the following assignments of error in the trial of his cause below:

"(1)   Error of the court in sustaining the motion of the defendant in error for judgment on the pleadings and upon the opening statement to the jury as made by counsel for the plaintiff in error.

"(2)   That the court erred in overruling the motion of the plaintiff in error for a new trial.

"(3)   That the judgment of the court is contrary to the law applicable to the case.

"(4)   Errors of law occurring at the trial, which the plaintiff in error at the time excepted to.

"(5)   Error of the court in withdrawing the case from the consideration of the jury."

The petition in error raises only questions of law, which will be considered under the plaintiff's first assignment, "Error of the court in sustaining the motion of the defendant in error for judgment on the pleadings and upon the opening statement to the jury as made by counsel for the plaintiff in error."

The opening statement of counsel above referred to in this assignment of error was not reported and is not contained in the record. The record, however, contains the following in reference thereto:

"By the Court: It is admitted that in the opening statement of counsel referred to in the motion of defendant, counsel stated that there was pending in this court an action between the plaintiffs, acting as trustee for this plaintiff.

"By Mr. Vernor: And was pending 7258, which was a suit instituted by the heirs of Soloman Taylor, asking for recovery of the forty acres of ground in controversy in this suit.

"By the Court: And that in counsel's statement he stated that that land during the pendency of this action was sold to the plaintiff in this action, Alex Robinson, and that thereafter that Alex Robinson knew of the pendency of that action and that thereafter the said action of 7258—thereafter that three of the heirs of Soloman Taylor conveyed to the defendant, Jacob Anderson, who was defendant in 7258, said cause was dismissed with prejudice. Motion for judgment on the opening statement and judgment on the pleadings is sustained, to which the plaintiffs except.

"By Mr. Vernor: It is agreed that this 40 acres was allotted to Soloman Taylor, and for his homestead allotment.

"By Mr. Powell: Yes, that is admitted.

"By the Court: Gentlemen of the jury, you may be excused from further consideration of this case and further service on this jury."

The journal entry of the judgment appealed from, among other things, contained the following recitals:

"Thereupon the plaintiffs, by their said attorney, Vilas V. Vernor, Esq., make opening statement of their case and what their evidence will show, and, inter alia, admits that the land involved in this action, to wit: The S. W. ¼ of the S. E. ¼ of section 21, township 15 north, range 16 east of the Indian Base and Meridian, was the homestead allotment

of Soloman Taylor, a citizen of less than one-quarter Indian blood of the Creek Nation; that in 1910 or 1911 a duly appointed, qualified, and acting administrator of the estate of said Soloman Taylor, deceased, sold said land at administrator's sale for the payments of debts and costs of administration; that administrator's deed, copy of which is attached to defendant Anderson's answer herein, was duly and regularly issued, delivered, and recorded as alleged in defendant's answer; that thereafter, to wit, in the year 1918, the heirs of said Soloman Taylor, Albert Taylor, John Taylor, Fred Taylor, and Georgia Banks, nee Taylor, filed their suit No. 7258 in the superior court of Muskogee county, Oklahoma, as alleged in the answer of defendant filed herein; that the plaintiff herein, Alex Robinson, at all times had actual knowledge and notice of the pendency of said case No. 7258 aforesaid; that during the pendency of said suit 7258 and with knowledge and notice of its pendency said plaintiff, Alex Robinson, took deeds and contracts for deeds to the land involved in said case No. 7258, being the land herein involved and above described, from Albert Taylor, Georgia Banks, nee Taylor, and after the determination of said case from John Taylor; that thereafter the said Albert Taylor, John Taylor, Georgia Banks, nee Taylor, made deeds to said land to the defendant, Jacob Anderson; that thereafter, as shown by the answer of defendant Anderson filed herein, he filed his motion to dismiss said case No. 7258, and said cause was by the court dismissed and said motion sustained as shown by the pleadings herein. And counsel for the plaintiff, Alex Robinson et al., having completed his opening statement as aforesaid, the defendant, Jacob Anderson, moves the court for judgment in his favor and against the plaintiffs and each of them on the pleadings on file herein and the admissions of said plaintiffs made by their counsel in his opening statement as herein before set forth; thereupon said motion is duly presented to the court, argued by respective counsel, and the court having examined the pleadings on file herein and the admissions as aforesaid, made in the opening statement of plaintiff, and being fully advised in the premises, sustains said motion for judgment on the pleadings and admissions made in open court."

Exhibits C and D, respectively, attached to the answer of the defendant were certified copies of the defendant's motion to dismiss and the order of the court sustaining the same in cause 7258, and were as follows:

"Defendant's Exhibit 'C'.

"In the Superior Court of Muskogee County, State of Oklahoma, John Taylor et al., plaintiffs, v. Jacob Anderson et al., defendants. No. 7258. Motion.

"The defendant, Jacob Anderson, respectfully moves the court for an order dismissing the above-entitled cause at the costs of plaintiff for the following reasons, to wit:

"Since the institution of this suit, which is a suit to recover possession of real estate and cancel this defendant's title to said land, the plaintiffs and each of them have conveyed by deed to defendant any right, title, interest, or estate in said land they might have or claim, and for said reasons no longer have any interest in the subject-matter of this suit, having, as aforesaid, vested in this defendant all interest, if any they had, in the subject-matter of this suit, in this defendant.

"Geo. K. Powell,
"Attorney for Jacob Anderson.

"Indorsed No. 7258 Superior Court, John Taylor et al., Plaintiffs, v. Jacob Anderson et al., Defendants. Motion. Superior Court. State of Oklahoma, County of Muskogee. Filed Feb. 3, 1919. L. D. Martin. Court Clerk. Sustained 2-3-19.

"Defendant's Exhibit 'D.'

"In the Superior Court of Muskogee County, Oklahoma. John Taylor et al., Plaintiffs, v. Jacob Anderson et al., Defendants. No. 7258. February 3, 1919.

"Plaintiffs present by attorney, Vilas V. Vernor, and defendant present by Geo. K. Powell. Motion of defendant to dismiss heard by agreement, and it being concluded by plaintiffs that the allegations of the motion are true, motion sustained and cause dismissed with prejudice at plaintiffs' costs.

"Guy F. Nelson, Judge.

"Said answer and cross-petition is indorsed as follows: No. 8675. In the Superior Court. Alex Robinson et al. v. Jacob Anderson et al., Defendants. Answer and Cross-Petition. Superior Court. State of Oklahoma, County of Muskogee. Filed May 24, 1920. L. D. Martin, Court Clerk. Geo. K. Powell, Attorney for Defendant Jacob Anderson."

The foregoing judgment of dismissal in cause No. 7258 became final. In that action the four children of the deceased allottee were plaintiffs, and sued the defendant, who is also the defendant in the instant case, in ejectment to recover the land in question for damages and to quiet their title to the same. Pending that action the plaintiffs deeded the land to Alex Robinson, the plaintiff in the instant case, though he was never made a party to that action. But after Alex Robinson took his deed as aforesaid and filed the same for record, and with actual notice thereof, the defendant in that action procured a quitclaim deed from the plaintiff heirs to himself. Thereafter, as we have seen, he answered in said action, setting up as his defenses the administrator's deed, also the quitclaim deed from the heirs as aforesaid, and thereafter filed his motion to dismiss, hereinbefore set out, and pro-

cured a judgment of the court sustaining his motion and dismissing the plaintiff's suit with prejudice, as hereinbefore shown.

The first question now under consideration, therefore, is, "Was the judgment of dismissal in that cause a bar to the defendant, Alex Robinson, maintaining the action in the instant case?" Concerning the proposition, counsel for plaintiff in error says in his brief:

"We now arrive at the only question of law that is involved in this case, and that question is the following: Is a pendente lite purchaser of property in a suit bound by any other judgment rendered in the cause save and except a judgment rendered by the court after a hearing had upon the merits? If the plaintiff in this action, Alex Robinson, is bound by the judgment of dismissal as entered by the court in case No. 7258, upon the motion of the defendants in that cause, then the judgment of the trial court in this case should be affirmed, otherwise this cause should be remanded with instructions to enter judgment for the plaintiff for three-fourths (3/4) of the forty acres. * * *

"The title of a pendente lite purchaser is only affected by a judgment rendered by the court after a hearing of the case upon the merits. The general rule of lis pendens as applied to pendente lite purchasers is as follows:

"'The effect of an action as lis pendens continues at least until the final termination of the action in the trial court, unless there has been an abandonment of the action, or want of due diligence in prosecuting the same, or a dismissal other than on the merits.' 25 Cyc. p. 1469, sec. A.

"'An action must be prosecuted to a final judgment in good faith to have the effect of lis pendens, so that if it is abandoned, or dismissed either voluntarily or involuntarily, the lis pendens is terminated, and the person acquiring interests before the abandonment or dismissal does not acquire his rights pendente lite, so as to be affected thereby.' 25 Cyc. p. 1470, sec. B; Karr v. Burns (Kan.) 40 Pac. 1087; Bristow v. Thackston (Mo.) 86 S. W. 98.

"'A judgment dismissing plaintiff's suit for foreclosure of certain mortgages on the ground it had been prematurely brought, the court making no finding as to the amount due on the notes and mortgages secured thereby, not being on the merits, is not res judicata at common law or under the statute.' Stephens v. Doxey (Utah) 198 Pac. 261.

"The Supreme Court of this state dealt with the subject of 'lis pendens' in the recent case of Henderson v. Mainard, 84 Okla. 244, 200 Pac. 441, and the court uses the following words:

"'The theory of lis pendens is to keep the subject-matter of controversy within the power of the court until the final judgment is rendered, so that the judgment when rendered may be effective. A party to the litigation cannot transfer the property in issue so as to prejudice the rights of the plaintiff therein. The title of a pendente lite purchaser is not necessarily void. As between the parties to the transfer, the title is valid, but as to the pendente lite purchaser its validity depends entirely on the result or outcome of the pending litigation. While the purchaser must take notice of the facts contained in the record, he is only affected to the extent to which the judgment in the suit goes. * * *'

"'If a judgment, for any reason, is rendered upon a ground not involving the merits of a controversy, the doctrine of res judicata does not apply.' Peck v. Easton, 74 Conn. 456, 51 Atl. 134; Armstrong v. Manatee County, 49 Fla. 273, 37 South. 938; Pyle v. Piercy, 122 Cal. 383, 55 Pac. 141; Beronio v. Ventura County, 129 Cal. 232, 61 Pac. 958; Robb v. New York & C. Gas Coal Co., 216 Pa. 418, 65 Atl. 938.

"'Where a judgment did not go to the merits, but only dismissed plaintiff's petition in an action to quiet title, because she was not in the possession of the property, plaintiff may still institute and maintain an action in ejectment.' Taylor v. Wilson (Ky.) 210 S. W. 670.

"'Where a case has been dismissed upon the defendant's motion, on a ground not going to the merits of the case, the dismissal will not, in a subsequent suit between the parties, support a plea of res judicata filed by the defendant.' Shearer v. Stamey (Ga.) 105 S. E. 854.

"'If a suit is not prosecuted with effect, as if, at law, it were discontinued, or the plaintiff suffered a nonsuit, nor if, in chancery, the suit were dismissed for want of prosecution, or for any other cause, not on the merits, or if, at law, or in chancery, any suit abated—although in all such cases a new action could be brought—it could not affect a purchaser during the pendency of the first suit.' Freeman on Judgments, sec. 203.

"The doctrine of lis pendens is laid down as follows in 21 Am. & Eng. Enc. Law (2d Ed.) p. 608, and cites may authorities in support thereof:

"'It is essential that the litigation to which the lis pendens refers shall result in a judgment or decree affecting the property described therein, and within the issues as made up.'

"'A voluntary abandonment or discontinuance of the action destroys the lis pendens.' Hammond v. Paxton, 58 Mich. 398, 25 N. W. 321.

"The case of Wortham v. Boyd, 66 Tex. 403, 1 S. W. 109, lays down the rule of lis pendens with great clearness and brevity.

and the same has been patterned after by many courts of other states in announcing the correct rule of lis pendens:

"'It is a general principle of equity that one who purchases pending a suit in which the title to land, or a lien thereon, is involved, does so subject to the final judgment in the cause, and his title must abide the result of the suit, whether he be made a party or not. It shares the fate that would have befallen the title had it remained in his vendor. But the title of the lis pendens purchaser is not affected unless the suit is brought to a successful termination against his vendor. Should it be ended by a dismissal or abandonment by the adverse party, the rights of the purchaser remain the same as if the suit had never been commenced.'"

In answer to the foregoing contention of counsel for the plaintiff in error, counsel for defendants in error in their answer brief state as follows:

"We contend that it is immaterial what form a final order assumes, whether upon demurrer or motion to dismiss, if the action of the court goes to the substantial rights of the parties and is decisive of their interests therein. If that be true, then the privies of the parties to the action are bound by whatever is done by the court.

"In 70 Oklahoma, 172 Pac. 629, in the case of Comanche Ice & Fuel Company v. Binder & Hillery, Commissioner Galbraith, speaking in the body of the opinion, uses the following language:

"'A consideration of this record convinces us that the trial court rendered the correct judgment, although we are inclined to think that he gave the wrong reason for it, inasmuch as the sufficiency of the petition to sustain the decree in favor of Binder & Hillery, rendered on November 15, 1909, was in issue and directly passed upon by the same court, resulting in the judgment of November 11, 1910. The grounds upon which the judgment of November 15, 1909, was attacked were that the judgment was void because the facts set out in the petition were not sufficient to authorize the judgment. That decree has not been appealed from, and, therefore, became final. Although the Comanche Ice & Fuel Company was not a party to that suit, it is a privy in interest, being a successor in title, and is bound by that decree, and the contention of the defendants in error that decree was res adjudicata was good and should have been sustained.' Also, citing Pratt v. Ratliff, 10 Okla. 168, 61 Pac. 523, and Woodworth v. Town of Hennessey, 32 Okla. 267, 122 Pac. 224.

"In Black on Judgments, vol. 2, sec. 505, we find the following:

"'It is important to be observed, in this connection, that a judgment, when offered as evidence in a subsequent litigation, is either conclusive evidence suffering no contradiction, or it is of no effect at all, and it is not admissible as evidence on the matters on which it is based except where it is conclusive. That is to say, it can never be admissible as tending to prove a given fact, for if it is offered as against a stranger to the former litigation, it is not admissible at all, and if against a party or privy it is conclusive.'

"The plaintiff in error relies largely upon the cases of Wortham v. Boyd, 66 Tex. 403, and Hammond v. Paxton, 58 Mich. 398, in support of his contention that plaintiff in error, Alex Robinson, is not bound by the judgment in case No. 7258. We desire to call the court's attention to the fact that the cases above cited by plaintiff in error go to sustain the proposition where there has been a voluntary dismissal, or where there has been an abandonment of the suit altogether, or where a nonsuit has been taken, such as is pointed out in Freeman on Judgments, at section 203, but none of these cases cited by plaintiff in error contemplate that a final judgment has been entered, but, on the contrary, they go to the proposition where it is a voluntary dismissal.

"If the contention of the plaintiff in error, that the decision must be upon the merits, in order to be a bar, is true, then there is little need for demurrers and motions to dismiss. However, the courts have not held that that contention is correct. A general statement of the rule is found at 23 Cyc. 1119, as follows:

"'The determination of a motion or summary application is not res adjudicata so as to prevent the parties from litigating the same matters again in the more regular form of an action, especially if the matter affected by the motion was only incidental or collateral to the determination of the main controversy. But orders affecting substantial rights, fully litigated, and from which an appeal lies, are conclusive of the matter adjudged and a bar to further proceedings. Overruling a motion to set aside a verdict and entering judgment thereon bars a similar motion in a subsequent suit between the same parties or their privies, to set aside a verdict settling the same questions in the same way; and by the weight of authority the denial of a motion to open a default, or to vacate or set aside a judgment, if not appealed from, is generally considered final and conclusive, and a bar to any further proceedings for the same purpose. The rule has also been applied to a motion for a new trial, and to a motion for leave to issue execution. A motion to quash an execution or to dissolve an attachment has also been held to be without the rule, although in some jurisdictions there have been decisions to the contrary.'

"The motion to dismiss filed by the defendant, Jacob Anderson, in No. 7258, taken

into consideration with the possession of the land by him, and the fact that the plaintiffs conceded the facts set forth in the motion, gave the court jurisdiction to make a final order and was, under such circumstances, equivalent to a demurrer. Sections 5124-25-26, of the Harris-Day Code, provide how an action may be dismissed, even after the filing of a petition of intervention or answer praying for affirmative relief (sec. 5126), but specifically provides that such dismissal shall not prejudice the right of the intervener or defendant to proceed with the action. In this case, the defendant did proceed with his action by filing his motion which presented an issue of fact, and the facts being conceded by the plaintiffs, the order of dismissal was made. Under all these circumstances, the action of the court was final, and the trial of the motion, upon conceded facts, amounted to a trial on the merits.

"In Dennis v. Kelley, 81 Okla. 155, 197 Pac. 442, this court held:

" 'A judgment or decree rendered on a motion for judgment upon the pleadings is as conclusive of the matters and questions contained in said pleadings as a verdict, and said judgment or decree, unappealed from, becomes a final judgment or decree upon the merits.'

"The court discusses that case as follows:

" 'The force and effect of a motion for judgment upon the pleadings is in the nature of a demurrer to the pleadings of the adverse party, to which it is directed, and it also exercises the functions of a motion in its application for an order for judgment. See Schuber v. McDuffee, 67 Okla. 160, 169 Pac. 642; Peck v. First National Bank of Claremore, 50 Okla. 252, 150 Pac. 1039; Dunn et al. v. Claunch et al., 15 Okla. 27, 78 Pac. 388; Cobb v. Kenefick, 23 Okla. 440, 100 Pac. 545. That a judgment rendered upon a demurrer is conclusive of the matters and things pleaded by the party against whom the demurrer is lodged is the holding of this court in the case of Corrugated Culvert Co. v. Simpson, Twp., 51 Okla. 178, 151 Pac. 854, 4 A. L. R. 1170, which states: "A judgment or decree rendered on demurrer to a material pleading on the ground that the facts therein stated are insufficient in law is as conclusive of the matters and things confessed by the demurrer as a verdict finding the same facts to be true; and such a judgment or decree, unappealed from, becomes a final judgment or decree upon the merits." See, also, Wiley v. Edmondson, 43 Okla. 1, 133 Pac. 38; Baker v. Leavitt, 54 Okla. 70, 153 Pac. 1099. The fact that the judgment might be erroneous is not material, is the holding of this court in the case of National Surety Co. v. Hanson Builder's Supply Co., 64 Okla. 59, 165 Pac. 1136, where the court stated as follows: "A judgment is no less conclusive because it is based upon

a mistake of law." See, also, Board of County Com'rs of Atoka Co. v. Cypert, 65 Okla. 168, 166 Pac. 195.'

"The motion in the instant case partook of the nature of a motion for judgment on the pleadings, as well as of a demurrer, which raised an issue of fact, which the court would have been compelled to try if the plaintiff had not conceded the facts. We believe that the decisive question relating to that phase of the matter is: Was not the order made by Judge Nelson decisive of the merits of the case, as to the plaintiffs, the heirs of Soloman Taylor, unless appealed from? The answer must be in the affirmative, for they could not now relitigate that case. That being true, the plaintiff in error is also bound by that judgment.

"The familiar rule as to matters concluded by a judgment is stated in Dill v. Flesher, 73 Oklahoma, 175 Pac. 359, as follows:

" 'A final judgment of a court of competent jurisdiction is conclusive between the parties in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to the issues which could or might have been litigated and determined therein.'

"The superior court of Muskogee county had full and complete jurisdiction of the subject-matter and of the parties; the parties appeared, the facts were conceded, and complete and final judgment and determination upon the motion to dismiss was had, and we contend that was in bar of the present action."

A review of the foregoing excerpts from briefs of counsel and the authorities cited by them respectively in support of their contentions convinces us that there is little, if any, conflict in the authorities cited upon the legal question involved. The question seems to be, In which class of authorities cited does the record before us place the instant case? Or, stating the question another way, Was the judgment of the trial court rendered in cause No. 7258 a final judgment on the merits of the controversy between the parties in that case? If so, counsel for plaintiff in error admit in their brief that the judgment of the trial court should be affirmed; otherwise they say the cause should be remanded with instructions to enter judgment for the plaintiff for three-fourths of the 40 acres.

We think that question was settled by this court in the case of Dennis, State Bank Com'r, v. Kelley et al., 81 Okla. 155, 197 Pac. 442, in the syllabus as follows:

"A judgment or decree rendered on motion for judgment upon the pleadings is as

conclusive of the matters and questions contained in said pleadings as a verdict, and such judgment or decree, unappealed from, becomes a final judgment or decree upon the merits.

"A judgment not appealed from is no less conclusive because it is based upon mistake of law."

It is a familiar rule that a pleading in a cause is measured by its terms rather than by the name given it by the pleader. Applying the rule to the motion filed by the defendant in cause No. 7258, which he designated a motion to dismiss the plaintiff's cause of action at the cost of plaintiff, and for the reasons therein set forth, we think the motion was tantamount to a motion for judgment on the pleadings in that case. The trial court sustained the same, and accordingly rendered judgment. The judgment became final, and the defendant in the instant case attached a copy of the judgment to his answer, pleading the same in bar of the plaintiff's right to maintain his cause of action in the instant case.

Therefore, we say that under the rule announced by this court in the case of Dennis State Bank Com'r, v. Kelley, supra, and other authorities cited, the trial court properly sustained the defendant's motion for judgment upon the pleadings in the instant case.

McNEILL, MILLER, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.